WILLIAM WIGGINS, JAMES M. JONES, AND JOHN B. WELLER, COMPLAINANTS, *v.* JOHN B. GRAY AND KNOWLES TAYLOR.

The Circuit Court certified that they had divided in opinion upon a question whether a party had a right to proceed summarily on motion to vacate a decree in that court.

The question certified is merely one of practice, to be governed by the rules prescribed by this court, and the established principles and usages of a chancery court. And even if a summary proceeding on motion might have been a legitimate mode of proceeding, yet the court, in its discretion, had a right to refuse, and to order a plenary proceeding by bill and answer. The exercise of such a discretionary power by the court below cannot be revised in this court upon appeal or certificate of division, and this court therefore decline expressing any opinion on the question certified.

THIS case came up on a certificate of a division of opinion

between the judges of the Circuit Court of the United States for the northern district of California.

The question certified is stated in the opinion of the court.

The case was argued by *Mr. Bayard,* upon a brief filed by himself and *Mr. Collier,* for the complainants, and by *Mr. Walker* and *Mr. Cushing* for the defendants.

The question being merely one of practice, which is authoritatively settled by the judgment of this court, it is not thought necessary to give the authorities referred to.

Mr. Chief Justice TANEY delivered the opinion of the court.

This case comes before the court upon a certificate of division of opinion between the judges of the Circuit Court for the district of California, sitting as a court of equity.

In stating the facts upon which the question certified arose, the court gives a history of the case, and it appears that a bill was filed in a State court of California, and was afterwards removed to the District Court of the United States, by order of the court, pursuant to an agreement made by the counsel for the respective parties; that before it was transferred from the State court, one of the complainants and one of the defendants died; and the representatives of neither of them were afterwards made parties, either in the State court before the removal, or the District Court of the United States, after the case was transferred to that court. And in this condition of the case, and without these parties, a final decree was rendered in the last-mentioned court. These proceedings were transferred to the Circuit Court of the United States, under the act of Congress of April 30, 1856; and a bill was afterwards filed in that court to set aside and vacate the final decree which had been rendered as above mentioned; but in that proceeding the Circuit Court held that it had not jurisdiction, because the parties made defendants resided in New York, where the process of the court could not lawfully be served upon them. The dates of these several proceedings in the different courts, and the motions and agreements of counsel, are particularly

*Wiggins et al.* v. *Gray et al.*

set forth in the statement; but they are not material to the decision of this court, and need not, therefore, be repeated, here.

The Circuit Court further certify, that after all of these proceedings were had, and the bill filed against the citizens of New York dismissed, a motion was made "to vacate the final decree rendered, and to remand the case to the State court, in which it originated; and that the motion was predicated on the ground that the whole proceedings, from the time the case was transferred thence, including the decree, were null and void, and not merely voidable, and therefore might be set aside on motion."

Upon this motion the judges divided in opinion, as they certify, upon the following question: "whether, under the circumstances detailed, this court (the Circuit Court) has authority to vacate summarily, on motion, the decree of the District Court of the United States for the northern district of California, and remand the case to the third judicial district of the State."

It will be observed, that the grounds upon which the decree of the District Court is alleged to be void, or voidable, are not stated, nor the questions which arose in the State court, or the courts of the United States; nor does it appear what errors are supposed to have been committed, which it is proposed to bring for revision before the Circuit Court, and to correct by a summary proceeding on this motion.

The only question certified by the Circuit Court is, whether, under the circumstances of the case as detailed in the statement, it could proceed summarily on motion to vacate and declare void the decree. The inquiry obviously relates altogether to the practice of the court as a court of equity. And this question often depends upon the sound judicial discretion of the court, regulated by the rules prescribed by this court, and the general principles and established usages which govern proceedings in a court of chancery; and whether it will proceed in a summary manner on motion, or require plenary proceedings by bill and answer, must depend upon the partic

ular circumstances of the case before it, and the object sought to be attained.

The act of 1802, chap. 32, which authorizes the certificate of division, evidently did not intend to give this court jurisdiction, in that mode of proceeding, upon any question of common law or equity, that would not be open to revision here upon writ of error or appeal. It was so decided in Davis *v.* Braden, 10 Pet., 288, and in Parker *v.* Nixon, 10 Pet., 410. And it has repeatedly been held that the decision of the inferior court, upon a question depending upon the exercise of a sound judicial discretion in a matter of practice as to the mere form of proceeding, is not open to revision in this court.

If the judges had united in refusing the summary proceedings on motion, it is very clear that the decision could not have been revised in this court upon appeal, although this tribunal might be of opinion that the relief sought might have been legitimately granted in that mode of proceeding; for this discretion in a matter of practice resting exclusively with the inferior court, it has the right to determine for itself whether it will proceed in a summary way, or refuse to do so whenever it thinks the purposes of justice will be better accomplished in a plenary proceeding by bill and answer; and consequently no appeal will lie from its decision, made in the exercise of this discretionary power. In the case before us, by the division of opinion between the judges, the motion was as legally and effectually refused as if both had concurred in the refusal. And as the decision in the latter case could not have been reviewed here upon appeal, for want of appellate jurisdiction over such questions, we should hardly be justified in assuming jurisdiction, and exercising appellate powers over the same questions when they come before us on a certificate of division.

Besides, the act of 1802 obviously contemplates a suit in court, in which plaintiff and defendant have both appeared, for it directs the point to be certified at the request of either party. But here there is no party but the one in whose behalf the motion is made. No defendant is named, and no process prayed for. And if, in this stage of the case, the legality of

this proceeding can be certified to this court for its opinion, the same thing may be done at the commencement of any other equity proceeding, and this court called on to decide in advance, before any process is issued or any party brought into court, whether a motion, or an original bill, or any other of the many description of bills known in equity practice, was the proper and appropriate remedy in the case which a party was about to bring before the Circuit Court. No one will suppose that such a practice was intended to be established by the act of 1802.

The court order and adjudge that this opinion be certified to the Circuit Court, and that the cause be remanded.