FLORIDA CONST. CO. v. YOUNG et al.

(Circuit Court of Appeals, Second Circuit. December 12, 1892.)

No. 97.

CIRCUIT COURTS OF APPEAL—REVIEW OF ORDER GRANTING INJUNCTION.

On appeal (Act March 3, 1891, § 7) from an interlocutory order appointing a receiver, and granting an injunction merely subsidiary to the receivership, the court cannot consider whether a receiver should have been appointed, but only whether, such appointment being proper, the injunction was a necessary or proper auxiliary remedy.

Appeal from the Circuit Court of the United States for the Southern District of New York.

In Equity. Suit by James H. Young and others, on behalf of themselves and other stockholders of the Florida Construction Company, against said company and the Jacksonville, Tampa & Key West Railway Company, for an accounting between the two companies, and a distribution of the assets of the construction company among its stockholders and creditors. An order was made July 8, 1892, and continued August 2, 1892, appointing a receiver of the property of the construction company, and granting an injunction. The construction company appeals. Affirmed.

Statement by WALLACE, Circuit Judge:

This is an appeal by the Florida Construction Company from an order of the circuit court entered August 2, 1892, whereby a receiver was appointed of all the property of the construction company within the jurisdiction of the court, with power to reduce the assets of the company to his possession, and to hold the same during the pendency of the action, subject to the further order or decree of the court. The order provided that the officers and agents of the construction company should forthwith deliver up to the receiver all and every part of the property of the company, and all books, accounts, vouchers, and papers in any way relating to its business. The order also provided that the construction company, its officers and agents, be enjoined and restrained from removing from the jurisdiction of the court any of the books, papers, or property of the company, and from disposing of any of the assets or property of the company, and from interfering in any way in the possession or control of the receiver over the same.

Thomas Thacher, (John W. Simpson, on the brief,) for appellant.

William B. Hornblower, (Wallace Macfarlane, on the brief,) for appellees.

Before WALLACE, Circuit Judge, and WHEELER, District Judge.

WALLACE, Circuit Judge, (after stating the facts.) The appellant insists that a sufficient case was not made in the court below for the appointment of a receiver by the bill of complaint and the depositions used upon the motion, and, this being so, that the injunction should not have been granted by the circuit court. We are of the opinion that we are not at liberty upon the present appeal to inquire whether the circuit court erred in appointing a receiver, but are confined to the question whether, there being a proper case for the receivership, the injunction was not a necessary or proper auxiliary remedy. This court cannot review the action of the cir-

cuit court in appointing a receiver, except upon an appeal from a final decree. Our appellate jurisdiction is confined to the review of final decisions by appeal or writ of error, (section 6, Court of Appeals Act,) except where, by section 7, an appeal may be taken in equity causes from an interlocutory order or decree granting or continuing an injunction. The order appointing a receiver is not appealable, because it is not a final decision. Forgay v. Conrad, 6 How. 201; Grant v. Insurance Co., 106 U. S. 429, 1 Sup. Ct. 414. We ought not to attempt to review indirectly an order or decision which we are not permitted to review directly; and if this court should conclude that an injunction should not have been ordered, because there was not a sufficient case for the appointment of a receiver, our mandate could not direct the circuit court to vacate the receivership. It would have been entirely competent for the circuit court to embody its decision in two orders, one appointing a receiver, and the other granting the injunction; and, if it had done this, the latter only would have been subject to review. We cannot with propriety or consistency undertake to review the other merely because both have been assembled together. Congress might have authorized an appeal from an interlocutory order or decree appointing a receiver, but it has not done so. The language of the section permits a review of the order or decree granting or continuing an injunction so far as may be necessary to do justice in the particular case. Whenever the injunction is the main relief granted, the whole case is necessarily presented for review. When it is a substantial part of the relief granted, it may be necessary to consider the whole case on appeal. But when, as in the present case, it is incidental and subsidiary merely to other relief, an appeal only brings up for determination the question whether, conceding the other relief to have been proper, the injunction was a necessary or proper auxiliary remedy. For these reasons, the question whether or not a receiver ought to have been appointed in the present case should not be entertained; and we are only to decide whether the court erred in allowing an injunction also. The injunction allowed by the interlocutory order is merely subsidiary to that part of the order whereby a receiver is appointed of the property and effects of the construction company, the appellant, pendente lite. Although it is auxiliary to the receivership, it is a remedy so merely formal in the present case that it is difficult to conceive how it could have benefited the complainants or injured the appellant. The order constituting the receivership, among other things, directed the officers and agents of the construction company to forthwith deliver to the receiver all the property of the company in their possession; and, for a refusal to comply, they would be punishable by process of contempt as effectually as they could be under the injunction if, in violation of its terms, they should remove the property beyond the jurisdiction of the court. The appointment of a receiver is a remedy somewhat more stringent than an injunction restraining the party whose property is subjected to a receivership from removing it beyond the jurisdiction of the court. Railroad Co. v. Sloan, 31 Ohio St. 1. In the case of Skip v. Harwood, 3 Atk.

564, where the defendant was present in court during the hearing on a bill for an accounting, and, in consequence, knew of the decision appointing a receiver, he was adjudged to be in contempt for removing a portion of the assets before the decree was drawn. The injunction in the present case may have been unnecessary, but it is hardly open to argument that, if the case presented to the circuit court justified the appointment of a receiver, it could not have been an improper exercise of discretion on the part of the court to enjoin the officers and agents of the construction company from doing any acts which might tend to render the receivership ineffectual. The order should therefore be affirmed.