CENTRAL TRUST CO. OF NEW YORK v. MADDEN.

(Circuit Court of Appeals, Fourth Circuit. November 7, 1895.)

No. 123.

1. APPEAL—FINAL DECREE—INTERVENING PETITION.
    One M. filed an intervening petition, in a railroad foreclosure suit, claiming priority over the mortgage, for a judgment recovered by her against the railroad company for personal injuries, under the statute of South Carolina, giving priority to such judgments over mortgages. A decree was entered on such petition, adjudicating priority to the judgment, finding the amount due, and decreeing that the priority must be secured in any order of sale of the railroad thereafter made. *Held*, that such decree substantially and completely determined the rights of the parties, and was appealable, though the main suit had not reached a final decree.

2. EQUITY PRACTICE—INTERVENTION—PARTIES.
    The complainant in a foreclosure suit is bound to take notice of an intervention in the suit and the proceedings thereunder, and, if such complainant does not ask to be heard, or take measures to procure a rehearing, or show objections to the decree, he cannot, on appeal therefrom, object that he was not made a party to the intervention. McLeod v. City of New Albany, 13 C. C. A. 525, 66 Fed. 378, followed.

3. SAME—HEARING.
    A court of equity may hear an intervention, without a reference to a special master.

Appeal from the Circuit Court of the United States for the District of South Carolina.

This was a petition filed by Dora Madden in the cases of Charles H. Phinizy and Alfred Baker, trustees, against the Augusta & Knoxville Railroad Company and the Port Royal & Western Carolina Railway Company, and the Central Trust Company of New York against the Port Royal & Western Carolina Railway Company, being bills for foreclosure, in which a receiver had been appointed. The case is thus stated by the circuit court: "This is a petition praying payment of a judgment obtained against the Port Royal and Western Carolina Railway Company. The petitioner, a passenger on the train between Greenville and Laurens, was injured in her person, through the alleged negligence of the agents of the company, on 29th April. 1890. She began her action against the company on 21st Jan-

uary, 1891, in the court of common pleas of the state of South Carolina, at Laurens C. H., and obtained a verdict for $5,000 in February, 1893. Judgment was entered on this verdict and costs on 9th March, 1893. This judgment was affirmed by the supreme court 27th June, 1894. She claims the verdict, with interest from 28th February, 1893, and costs, ninety-seven $45/100$ dollars. Judgments in South Carolina carry interest after entry. Gen. St. S. C., § 1289. The prayer of the petition is (1) that the receiver be instructed to pay her the amount of her claim; (2) if he be not now in funds to do this, that he be directed to pay the claim out of any profits which may hereafter come into his hands from the operation of the road; (3) that the said judgment be declared and established as a lien on the profits, property, and franchises of the railroad company, having priority to any mortgage or deed of trust thereon, and for general relief." A rule on the receiver to show cause was entered by the circuit court, to which he filed an answer, and upon hearing the circuit court entered the following decree: "It is ordered, adjudged, and decreed that the judgment held by the petitioner, Dora Madden, is a proper claim against the property and franchises of the Port Royal and Western Carolina Railway Company. The said claim takes priority and precedence over the mortgage of the said railway company executed to the Central Trust Company of New York, bearing date 2d May, 1887, and over the bonds secured thereby. That in any order of sale hereafter to be made of said property and franchises, this priority and preference must be provided for and secured. That the amount of said claim is five thousand dollars, with interest from ninth day of March, 1893, and costs, ninety-seven $45/100$ dollars."

From this decree the Central Trust Company prayed and was allowed an appeal to this court. The opinion of the circuit court is reported in 63 Fed. 922.

Henry B. Tompkins, for appellant.

John C. Sheppard (H. J. Haynesworth, on the brief), for appellee.

Before FULLER, Circuit Justice, GOFF, Circuit Judge, and HUGHES, District Judge.

FULLER, Circuit Justice (after stating the facts).

The circuit court allowed priority, as stated in its decree, under section 1528 of the General Statutes of South Carolina. In the opinion it was said that:

"The Port Royal and Western Carolina Railway Company was made up of the consolidation of other railroads, among them the Augusta and Knoxville Railroad, extending from Augusta, Georgia, to Greenwood, South Carolina. At the time of the consolidation, bonds secured by a mortgage of the whole road were issued, which relieved all outstanding obligations thereon, except a mortgage on that part of it theretofore known as the Augusta and Knoxville Railroad. The date of this consolidated mortgage was 2d May, 1887. That of the Augusta and Knoxville Railroad was July 1st, 1880."

Priority was adjudged as against the Port Royal & Western Carolina Railway Company, and the bonds and mortgage made by it, as the company was chartered and the bonds and mortgage issued after the act of 1882. With respect to the mortgage of the Augusta & Knoxville Railroad Company, and the bonds secured by it, as these were issued anterior to the passage of the act of 1882, priority was not awarded.

Appellee contends that the appeal was prematurely taken, and should be dismissed, but, as the decree expressly adjudicates that the judgment of Dora Madden took priority and precedence, and finds the amount due, and decrees that the priority and preference

declared must be provided for and secured in any order of sale thereafter to be made of the property and franchises of the railroad company, we must regard it as substantially and completely determining the rights of the parties, notwithstanding the main suit had not ripened into a final decree, which would afford the means of paying off the claim.

It is objected by appellant that the Central Trust Company should have been a party to the intervention, but that company was complainant in one of the suits, and bound to take notice of the intervention and proceedings thereunder. McLeod v. City of New Albany, 13 C. C. A. 525, 66 Fed. 378. If the mortgagee, as observed by Jenkins, J., speaking for the circuit court of appeals in that case, had desired to take an active part in this contest, it should have asked to be heard. This it did not do, nor did it take any means to procure a rehearing, or bring to the attention of the circuit court any matters tending to show that such a decree as was rendered was unjust or erroneous in any other particulars than those which could be reviewed on this appeal.

We think the objection is not well taken, and, further, that the circuit court was justified in hearing the intervention without a special reference to a master. All the other questions suggested have been determined in Railway Co. v. Bouknight, 70 Fed. 442, just decided. Decree affirmed.