Statement.

## Wytheville.

LOUISVILLE & NASHVILLE RAILROAD CO. V. TAYLOR AND OTHERS.

JUNE 25, 1896.

Absent, Harrison, J.

1. JUDICIAL PROCEEDINGS—*Judge Interested as Counsel—Acts Voidable Only.*—There is no statute in Virginia which prohibits a judge from sitting in a case in which he is or has been counsel, or which declares the effect of his acts if he does so sit. Such conduct is forbidden by the rules of the common law which prevail in this State, but the acts of the judge in such case are not void. They are binding on all parties until reversed or annulled in a proper proceeding had for that purpose.

2. EQUITY JURISDICTION—*Cloud on Title—Remedy at Law if Owner not in Possession—Judgment Obtained Through Fraud or Mistake.*—Equity has no jurisdiction to remove a cloud upon the title to land where the party asking relief is out of possession. The remedy by an action of ejectment is complete and adequate. Nor can a court of equity interfere with a judgment at law unless the complainant has an equitable defence which was not available at law, or a good defence at law of which he was prevented from availing himself by fraud or accident, unmixed with negligence in himself or his agents.

Appeal from a decree of the Circuit Court of Lee county, pronounced March 24, 1894, in a suit in chancery, wherein the appellees were the complainants and the appellant was the defendant.

*Reversed.*

The opinion states the case.

*Duncan & Hyatt,* for the appellant.

*J. H. Fulton* and *A. L. Pridemore*, for the appellees.

BUCHANAN, J., delivered the opinion of the court.

The appellees filed their bill in the Circuit Court of Lee county to annul and set aside proceedings instituted in the County Court of that county by the appellant for the purpose of condemning a right of way through their lands, under chapter 46 of the Code.

The ground upon which they base their right to the relief prayed for and granted them by the Circuit Court is that the judge of the County Court was the counsel of the appellant in those proceedings at the same time that he was entering orders in the cause.

The record shows, and it is admitted, that during the time these proceedings were pending in his court he was the counsel of the appellant, and entered all the orders in the cause except the final one.

It also appears that, after the commissioners who were appointed to ascertain the compensation and to assess the damages for the right of way through the lands of appellant had made their report to the court, the judge of the court was unwilling to act upon it, but, at the special instance and urgent request of T. A. Taylor, the husband of the adult appellee, and the guardian of the infant appellees, he entered an order confirming the report allowing the damages assessed to be paid into court, and appointing a commissioner to ascertain what persons were entitled to the fund, and in what proportion.

The commissioner reported that the appellees were entitled to the damages assessed, and how much was due each. This report was confirmed, the money ordered to be paid to the parties entitled, and the report of condemnation and the report of the commissioner ascertaining to whom the money was due, were ordered to be recorded. This order

was entered by another judge, the former judge having in the meantime resigned.

The damages assessed were paid by the appellant to Mr. Taylor, the husband of the adult appellee, presumably her agent, as no objection is made on that account, and to him as the guardian of the infant appellees.

Sections 3049, 3131, and 3317 of the Code provide, among other things, how a case may be tried in which a county judge is so situated as to render it improper in his judgment for him to decide such cause, or to preside at the trial thereof.

Section 3129 provides, among other things, that a county judge may, if he be a licensed attorney, appear as attorney at law in any case not pending in his court, or which cannot be carried into, or taken from it, by appeal or otherwise.

Our statutes recognize the fact that there may be cases pending in the court over which the judge presides which it would be improper for him to decide, or to preside at the trial of. They also prohibit a judge from doing certain things which might be inconsistent with the performance of his duties as judge. But we have no statute which expressly provides that a judge shall not sit in a case in which he is or has been counsel, or that declares what effect shall be given to his acts if he does so sit. In what cases a judge is disqualified from sitting by reason of interest, or any other cause from which it is presumed he will be partial to one of his suitors, and the effect to be given to his action if he does sit when so disqualified, are to be determined in this State by the rules of the common law.

That no one should be judge in a cause in which he had an interest, was so inflexible and manifestly just that it was said by Lord Coke, that even an act of Parliament which allowed a man to be judge in his own cause would be against natural equity and void in itself. And this maxim, says Judge Cooley, applies in all cases where judicial functions are to be exercised, and excludes all who are inter-

ested, however remotely, from taking part in their exercise. Cooley's Const. Lim. 514. (4th ed.)

The judge of the County Court was expressly forbidden by statute from acting as counsel in the case. Code, section 3129. The proceedings could only be instituted in his court. It alone had jusisdiction of the case. Code, ch. 46, section 1074.

He ought not to have become counsel in the case while judge of the court, but having done so, he was clearly disqualified from sitting in the cause.

Generally, in the States where there are statutes expressly prohibiting a judge from sitting in a case where he is interested, or related to the parties within certain degrees, or in which he has been counsel, it seems to have been held that the judge had no jurisdiction of the case, and his action was void. At common law, however, it seems to be well settled that whilst no judge ought to act where, from interest or any other cause, he is disqualified, yet his action in such a case is regarded as an irregularity or error, not affecting his jurisdiction, and to be corrected by vacating or reversing his action, except in cases of those inferior tribunals from which no appeal or writ of error lies.

In the case of *Dimes* v. *Grand Junction Canal*, 3 House of Lords Cases, 759, upon appeal to the House of Lords, one of the questions discussed was whether a decree entered by Lord Chancellor Cottingham in a case in which he was interested was void or voidable. It was held that the acts of a disqualified judge were not void, but voidable only; that it would create great confusion and inconvenience if they were held to be void; that the objection to the judge might be one of which the parties acting under his orders might be totally ignorant till the moment of the trial of an action of trespass for some act done under them. The judges consulted all agreed, said Lord Brougham, "that the decree is not

void, but voidable; nevertheless that it is to be avoided when brought under review and upon objection taken."

Lord Campbell said:

"No one can suppose that Lord Cottingham could be in the remotest influenced by the interest that he had in this concern; but, my Lords, it is of the last importance that the maxim that no man is to be judge in his own cause should be held sacred, and that it is not to be confined to a cause in which he is a party, but applies to a cause in which he has an interest. Since I have had the honor to be Chief Justice of the Queen's Bench we have again and again set aside proceedings in inferior tribunals because an individual who had an interest in a cause took part in the decision, and it will have the most salutary influence on those tribunals when it is known that this high court of last resort, in a case in which the Lord Chancellor of England had an interest, considered that his decree was on that account not according to law, and was set aside. This will be a lesson to inferior tribunals to take care not only that in their decrees they are not influenced by personal interest, but to avoid the appearance of laboring under such an influence."

The proceedings in such cases are good and valid until set aside upon motion (where motion will lie) by the court in which they were had, or until reversed upon appeal or error by an appellate court. *Phillips* v. *Eyre*, L. R. 6 Q. B. 1; *Stearn's Adm'r* v. *Wright*, 51 N. H. 600; *In re Cottle, Appellant*, 5 Pick. 482; 7 Rob. Pr. 113 to 115; Freeman on Judgments, section 145.

The County Court had jurisdiction of the case, both of the subject-matter and the parties. The land sought to be condemned for the purposes of the appellant was situated in that county. The appellees were the tenants of the freehold. The adult appellee, and guardian of the infants, were made parties to the proceedings as required by statute, which says notice of the proceedings shall be served "on the tenant of

the freehold, or his guardian, or committee." Code, sec. 1075. The guardian represented the infants. They were not required under the statute to be parties to the proceedings. The proceedings had are therefore conclusive upon the parties, however erroneous they may be, until set aside or reversed in the manner provided by law.

But even if the proceedings of the County Court were void, a court of equity would have no jurisdiction to set them aside under the facts of this case. The bill admits that the appellant is in possession of the land sought to be condemned for its use. This being true, the appellees cannot come into a court of equity to have the condemnation proceedings declared null and void because they constitute a cloud upon their title. A court of equity in this State has no jurisdiction to remove a cloud upon the title to land where the party who asks for the relief is out of possession. *Otey* v. *Stuart,* 91 Va. 714, and cases cited.

. He has a complete remedy at law in an action of ejectment for the recovery of the land. Void judicial proceedings neither bar nor bind any one. Freeman on Judgments, sec. 117.

Neither has it jurisdiction upon any other ground; for a court of equity does not interfere with judgments at law unless the complainant has an equitable defence of which he could not avail himself at law, or had a good defence at law which he was prevented from availing himself of by fraud or accident unmixed with negligence in himself or his agents. *Knox County* v. *Harshman,* 133 U. S. 152. No such allegations are made in the bill, and if they were there is no proof to sustain them.

It is claimed in the bill that the compensation and damages allowed were altogether inadequate, but there is no proof whatever of this. No injury is shown to have been done the appellees. Courts of equity, in the few cases where they have jurisdiction to interfere with judgments at law,

never do so except where it is shown that the party complaining has been injured.

We are of opinion that the decree appealed from must be reversed and such decree entered as the trial court ought to have entered, dismissing the bill.

*Reversed.*