LAKE NAT. BANK v. WOLFEBOROUGH SAV. BANK et al.

(Circuit Court of Appeals, First Circuit. January 18, 1897.)

No. 176.

1. JURISDICTION OF CIRCUIT COURT OF APPEALS—INTERLOCUTORY DECREE FOR INJUNCTION.

In a case in which a final decree would be appealable to the circuit court of appeals under sections 5 and 6 of the act of March 3, 1891, an appeal will lie to that court, under section 7, from an interlocutory decree granting an injunction, even though such appeal raises only the question of the lower court's jurisdiction.

2. SAME—APPEALABLE INTERLOCUTORY DECREE—INCIDENTAL INJUNCTION.

In a decree which appoints a receiver for a corporation, orders its officers to deliver the property into the receiver's hands, and enjoins them from interfering further with it, the injunction, while incidental to the appointment of the receiver, is not merely nominal, but forms a substantial part of the decree, and is therefore appealable. Such an appeal, however, raises only the question whether, assuming the receiver to have been properly appointed, the injunction was improvidently granted.

3. JURISDICTION OF CIRCUIT COURTS—NATIONAL BANK RECEIVERSHIPS.

Under the provision in the judiciary act of 1887–88, that "the provisions of this section" shall not affect the jurisdiction of the circuit courts in cases for "winding up the affairs" of any national bank, the circuit courts have at least concurrent jurisdiction (whether exclusive or not is not decided) with the state courts in cases of that kind, without regard to the citizenship of the parties.

4. SAME—CONFLICT OF JURISDICTION—COMITY—APPOINTMENT OF RECEIVERS.

A state court appointed a receiver of a national bank, but he never obtained possession of its property. The original complainant discontinued, and the defendant filed a motion to dismiss, but no formal order of dismissal was entered. Held, that the pendency of the suit in that condition was no bar to a subsequent suit between the same parties in a federal court for the appointment of a receiver, etc.

Appeal from the Circuit Court of the United States for the District of New Hampshire.

Reuben E. Walker and Hollis R. Bailey, for appellant.

Heman W. Chaplin (John R. Poor, on brief), for appellees.

Before COLT and PUTNAM, Circuit Judges, and NELSON, District Judge.

COLT, Circuit Judge. This is an appeal from an interlocutory decree appointing a receiver, and granting or continuing an injunction. The appellees (complainants below) have filed a motion to dismiss the appeal upon the ground that this court has no jurisdiction. In support of this motion, it is urged that in the assignment of errors the appellant raises only the question of the jurisdiction of the circuit court, and that under the act of March 3, 1891 (26 Stat. 826), this court cannot entertain an appeal which presents solely this question. Section 5 of the act declares:

"That appeals or writs of error may be taken from the district courts or from the existing circuit courts direct to the supreme court in the following cases: In any case in which the jurisdiction of the court is in issue; in such cases the question of jurisdiction alone shall be certified to the supreme court from the court below for decision."

Then follows a list of other classes of cases in which an appeal may be taken to the supreme court.

Section 6 provides:

"That the circuit courts of appeals established by this act shall exercise appellate jurisdiction to review by appeal or by writ of error final decision in the district court and the existing circuit courts in all cases other than those provided for in the preceding section of this act," etc.

Section 7, as amended by Act Feb. 18, 1895 (28 Stat. 666), provides as follows:

"That where, upon a hearing in equity in a district court or a circuit court, an injunction shall be granted, continued, refused, or dissolved by an interlocutory order or decree or an application to dissolve an injunction shall be refused in a case in which an appeal from a final decree may be taken under the provisions of this act to the circuit court of appeals, an appeal may be taken from such interlocutory order or decree granting, continuing, refusing, dissolving, or refusing to dissolve an injunction to the circuit court of appeals."

By section 7 an appeal lies to this court in any case in which an appeal would lie from a final decree under the provision of this act. In order, therefore, to determine the jurisdiction of this court over the present appeal, it is necessary to inquire whether it could take jurisdiction on appeal from final decree. In McLish v. Roff, 141 U. S. 661, 12 Sup. Ct. 118, it was held that an appeal to the supreme court, under section 5, only lies after final judgment, and that at that time the party against whom the judgment of the court had been rendered has his election either to take the question of jurisdiction alone directly to the supreme court, or to appeal to the circuit court of appeals upon the merits of the case, as well as upon the question of jurisdiction. In the latter event the circuit court of appeals has authority to pass, not only upon the merits of the case, but also upon the question of jurisdiction; and it may then, if it deem proper, certify the question of jurisdiction to the supreme court. See, also, U. S. v. Jahn, 155 U. S. 109, 15 Sup. Ct. 39. As this case may be appealed to this court from a final decree, under the construction given to sections 5 and 6 by the supreme court, it follows that we have jurisdiction over an appeal from an interlocutory order under section 7, although such appeal raises only the question of jurisdiction. The provisions of section 7 are of a highly remedial character, and should not receive a narrow construction. These provisions were evidently intended to afford a speedy review by an appellate tribunal of all interlocutory orders or decrees granting or continuing injunctions, unless such review was clearly forbidden by the other provisions of the act.

The appellees further urge in support of their motion to dismiss that the injunction was merely incidental to the receivership order, and therefore not appealable under section 7. The interlocutory decree ordered the defendant, its officers and agents, forthwith to deliver the property held by them into the hands of the receiver, and absolutely enjoined them to refrain from interfering with the property. While the injunction order was incidental to

the appointment of a receiver, it was not merely nominal, but formed a substantial part of the decree. The question whether an interlocutory injunction was erroneously or improvidently granted is appealable to this court. Blount v. Société Anonyme, 3 C. C. A. 455, 53 Fed. 98; Davis Electrical Works v. Edison Electric Light, Co., 8 C. C. A. 615, 60 Fed. 276, 277; Construction Co. v. Young, 8 C. C. A. 231, 59 Fed. 721; American Paper-Pail Co. v. National Folding-Box & Paper Co., 2 C. C. A. 165, 51 Fed. 229. Potter v. Beal, 2 C. C. A. 60, 50 Fed. 860, is in no way in conflict with the position taken by the court in this case. In that case the court merely intimated that no appeal would lie, under section 7, in a case in which the injunction order was nominal, or in which the decree would be equally effectual without it. The appellees' motion to dismiss the appeal is overruled.

We now come to the consideration of the appeal. The appellant, under its assignment of errors, attacks the jurisdiction of the circuit court to make the decree appealed from, upon two grounds. By the second assignment of error the point is raised that the jurisdiction of the circuit court is dependent upon diversity of citizenship, and that, as the bill avers no such diverse citizenship, the court was without jurisdiction. Without passing upon the question whether the federal courts have exclusive jurisdiction in this class of cases, we are satisfied that by the act of March 3, 1887, as amended by the act of August 13, 1888 (25 Stat. 436), which provides that "the provisions of this section" shall not affect the jurisdiction of the circuit courts of the United States in cases for "winding up the affairs" of any national bank, the circuit court has at least concurrent jurisdiction with the state court in this class of cases.

The first assignment of error is based upon the ground that, the supreme court of New Hampshire having already appointed a receiver in a suit which is still pending between the complainants and the defendant in this suit, this court is without jurisdiction. We are of the opinion that the facts disclosed in the record do not state a case in which the circuit court should have declined to take jurisdiction by reason of the proceedings which were begun in the state court. The rule which requires that the court which first obtains jurisdiction retains it to the end is based largely upon the doctrine of comity. The original complainants in the state court discontinued the suit in that court. The defendant in that suit filed a motion to dismiss. The receiver there appointed never obtained possession of the res.

Upon the facts as they appear of record, although no formal order of dismissal was entered in the state court, we think the circuit court properly acquired jurisdiction. Whether a receiver ought to have been appointed is not before us upon this appeal, and we only decide that, assuming the appointment of a receiver to have been properly made, the order for an injunction should be affirmed. Construction Co. v. Young, 8 C. C. A. 231, 59 Fed. 721. Decree of circuit court affirmed.