COLTRANE et al. v. TEMPLETON et al.

(Circuit Court of Appeals, Fourth Circuit. February 7, 1901.)

No. 383.

1. RECEIVERS—APPOINTMENT—DISCRETION OF COURT.

In an ancillary suit, the purpose of which is to collect through a receiver the assets of an insolvent corporation in a district other than that in which the main suit to wind up the affairs of the corporation is pending, where the court has appointed as receiver the same person appointed in the original suit, and has determined, in the exercise of its discretion, that the convenience of the parties interested requires the appointment of a resident co-receiver, its action in making such appointment is not subject to review on appeal.

2. APPEAL—REVIEW—DISCRETIONARY ORDERS.

The action of the court in an equity suit, in denying a motion by plaintiff to continue the hearing upon the argument of a demurrer and plea, is not assignable as error on appeal.[1]

3. JUDGE—DISQUALIFICATION—WAIVER OF OBJECTION.

Where a plaintiff has obtained the appointment of a receiver by a judge, and has argued before him and submitted questions relating to administrative matters in the suit, he must be regarded as having waived the right to object to the decision of such questions on the ground that the judge is disqualified by reason of interest from acting in the suit, when the facts were at all times known to him.

---

[1] Finality of judgments and decrees for purposes of review, see notes to Trust Co. v. Madden, 17 C. C. A. 238, and Prescott & A. C. Ry. Co. v. Atchison, T. & S. F. R. Co., 28 C. C. A. 482.

4. SAME.

Rev. St. § 601, relating to the disqualification of a judge sitting in the district court, provides for the removal of a cause when the circumstances render it improper, in his opinion, for him to sit on the trial, and by analogy the disqualification of a judge in the circuit court is a matter for his own determination; and his decision that, under the circumstances, it is not improper for him to enter formal or preliminary orders in a case, or that the party objecting has by his own conduct waived the right to object, is not reviewable.

5. APPEAL—APPEALABLE ORDERS—APPOINTMENT OF RECEIVER.

An order appointing a resident co-receiver to act with receivers previously appointed, entered prior to Act June 16, 1900, allowing appeals from interlocutory orders appointing receivers. is not appealable.

6. PARTIES—STOCKHOLDERS' SUITS—INTERVENTION BY OTHER STOCKHOLDERS.

In a suit brought by a stockholder of a corporation on behalf of himself and all other stockholders, a formal order is not necessary to entitle other stockholders to file a petition praying certain action in the cause.

7. APPEAL—APPEALABLE ORDERS.

An order entered on the intervening petition of stockholders in a corporation appointing a resident co-receiver to act with receivers previously appointed on application of the plaintiff in taking charge of the property of the corporation within the district cannot be considered a final decree, and appealable as such.

Appeal from the Circuit Court of the United States for the Western District of Virginia.

Wm. Hepburn Russell and Fielder C. Slingluff (Wm. Beverly Winslow, Yancey & Haas, and C. A. McHugh, on the brief), for appellants.

L. L. Lewis and G. D. Letcher (George E. Sipe, on the brief), for appellees.

Before SIMONTON, Circuit Judge, and PURNELL and WADDILL, District Judges.

SIMONTON, Circuit Judge. This cause now comes here on appeal from an order of the circuit court of the United States for the Western district of Virginia. The Baltimore Building & Loan Association, a corporation of the state of Maryland, became insolvent. Thereupon a bill was filed in March, 1900, by Daniel B. Coltrane et al., complainants, against the said Baltimore Building & Loan Association, in the circuit court of the United States for the district of Maryland. The complainant claimed to be a stockholder in said corporation, and he brought his bill as a general stockholders' bill, for the equal use and benefit of all stockholders in respondent corporation who may join therein by intervention and otherwise, and bear their pro rata share in the costs and expenses of the suit. This bill having been filed, and the respondent corporation having entered its voluntary appearance and admitted its insolvency, the circuit court for the district of Maryland, on March 21, 1900, appointed Bird M. Robinson receiver for said corporation, and took full charge of the administration of the insolvent corporation. The order appointing the receiver provided, among other things, that the complainant be authorized to apply to any other circuit court of the United States of competent jurisdiction, in any other state or district, for such order, by ancillary proceedings or otherwise, in aid of the primary jurisdiction vested in the circuit court of the district

of Maryland. Pursuing the authority granted in this order, the complainant on March 21, 1900, filed an ancillary bill in the circuit court of the United States for the Western district of Virginia against the said corporation. Accompanying this bill, as an exhibit, is a copy of the proceedings in the circuit court of Maryland. The prayer of this ancillary bill, after prayer for subpœna, is in these words:

"(1) That a receiver be appointed by this honorable court to take into his possession and hold, subject to the further orders of this court, the properties aforesaid, and all other real properties of the respondent corporation lying, being, and situate within this district or within the state of Virginia, and that such powers and authority be conferred upon him as are prayed in the original bill filed in said United States circuit court for the district of Maryland, or as may be necessary and proper in the premises. (2) That your honors will make such orders and decrees, preliminary and final, as are prayed for in said bill by your complainant in the circuit court for the district of Maryland, and that your honors will also make all such other and necessary orders, judgments, and decrees as may be required in aid of said bill, and that your honors will take ancillary jurisdiction with the said circuit court of the United States for the district of Maryland, and will give your complainant all the relief which may be necessary to accomplish the purposes of filing said bill: and, finally, that your honors shall order and direct the receiver appointed in this suit as herein prayed to sell or otherwise dispose of the real properties of respondent corporation, and when the same shall have been sold, either by said receiver or under the orders and decrees of this court, that said receiver be required and directed to account to the receiver appointed as aforesaid in the court of primary jurisdiction, to wit, the United States circuit court for the district of Maryland, for all the proceeds of said properties, after the costs and expenses incident to this suit, and a reasonable allowance to complainant by way of counsel fees, shall have been provided for and paid."—ending with a prayer for general relief.

The defendant corporation appeared to said ancillary suit, and filed its answer, admitting the facts stated, and consenting to the appointment of a receiver. Upon the filing of these papers the circuit court of the Western district of Virginia entered its decree taking ancillary jurisdiction, and appointing the said Bird M. Robinson receiver. Among other things, it ordered that all persons in that district having claims or demands of any kind against the respondent corporation are authorized and permitted to present the same by intervening petition in this cause, and they are enjoined from instituting any separate suit or action against the corporation in this district or state. At this stage of the cause, R. G. Templeton, Letcher & Letcher, P. W. Effinger, and Bridget A. Lamb, all of them residents of the Western district of Virginia, filed their petition in the cause. All of these but Bridget A. Lamb claim to be stockholders in the respondent corporation. She avers that she is a debtor of this company. The petition sets out that there is a large amount of property of this corporation in this district; that, by reason of their distance from the court of primary jurisdiction, it would entail great expense and trouble upon them to present their claims in that court. To this end, they pray the appointment of a co-receiver, resident in this district, and for the additional reason that the assets, real and personal, within that jurisdiction can be more expeditiously and judiciously managed by a resident receiver than by one resident elsewhere. The petition also says:

"Your petitioners are further advised and charge that they have the right to ask that the assets of said company, within the jurisdiction of this court, shall not be permitted to be transferred to the jurisdiction of another court, and, therefore, beyond the control of this court, until the rights of your petitioners thereto shall have been ascertained and adjudged, and that this court will require that all of the real and personal property of said defendant corporation shall remain within the jurisdiction of this court, and under its immediate control and direction, to be forthcoming to meet such decrees and orders, disposing of the same, as hereafter may be properly adjudged and entered in this cause."

The petitioners gave notice that they would make their motion on the petition before Hon. John Paul, one of the judges of this court, on April 23, 1900. A postponement was asked on that day, and the hearing was fixed for April 25th. On the last-named day the complainant and defendant appeared, and by consent the hearing of the motion was continued until April 30, 1900, before Hon. John Paul. On that day these parties (Coltrane, complainant, and the corporation, respondent) moved to strike the petition from the file, chiefly because the petitioners do not seek to be made parties to the cause, nor do they state facts entitling them to relief. They also on that day filed a demurrer to the petition, then a plea, and then an answer. The gravamen of these is that all matters pertaining to the relative rights of stockholders, and to the administration, receipt, and distribution of the assets of the corporation, remain with the court of original jurisdiction exclusively, and that there is neither necessity nor propriety for the appointment of a resident co-receiver in the jurisdiction of the circuit court for the Western district of Virginia. On the same day a petition was filed in the same cause by John W. Shepherd and 14 others, claiming to be stockholders in the Baltimore Building & Loan Association, earnestly protesting against the prayer of Templeton and others. On the same day (April 30th) Randolph Barton, Sr., Esq., who had been appointed co-receiver with Bird M. Robinson by the circuit court of the district of Maryland, filed his petition in the circuit court for the Western district of Virginia, praying that said appointment be confirmed in the latter district. This appointment was made that day. This being the condition of the cause, the argument was had. The motion to strike out the Templeton petition from the files was overruled. A motion was made by the counsel representing Coltrane and the corporation to set the cause for a hearing on demurrer and plea for the next rule day. This was refused, and the hearing went on. The case was taken under advisement until the next day. On that day counsel for Coltrane and the corporation made their motion that the judge then presiding enter an order that it would be improper for him to sit in the trial of these issues, because he is plaintiff in an action against the Baltimore Building & Loan Association, now pending in the circuit court for Rockingham county, Va., and because Greenlee W. Letcher, of the firm of Letcher & Letcher, parties to the Templeton petition, is the son-in-law of the said judge. Hearing this motion, Judge Paul stated that he was fully impressed with the importance of the rule precluding a judge from sitting in a cause in which he was interested; that the only difficulty he had was in drawing the

lines of demarkation between formal and preliminary orders which do not affect the decision of any question going to the merits, and those in the decision of which he had a personal interest; that the parties now objecting had procured the appointment of Mr. Robinson as receiver, and of Mr. Barton as co-receiver, cognizant of the principal facts now stated as disqualifying him; that up to this time no objection had been made to his action on the petitions when they were presented, discussed, and then submitted to him. He therefore expressed the opinion that up to this point he was not disqualified, and that he was unwilling to abdicate his functions and abandon the performance of his plain duty for the reasons stated in the motion. On the same day he filed a decree appointing a resident co-receiver, overruling the demurrer and plea. The opinion filed stated that at the argument every point made in the petition was abandoned, except the prayer for a resident co-receiver. The counsel for Coltrane, the complainant, and for the corporation, defendant, excepted to the ruling of the court. Leave was given to appeal to this court, and the matter is here on assignments of error. The first two assignments of error go to the refusal of the court to strike out the petition of Templeton and others from the file, and to the overruling of the demurrer. The third, fourth, and fifth go to the overruling of the motion for the postponement of the hearing of the demurrer, of the plea, and the issues made by the answer to the next rule day. The sixth assignment of error is in these words:

"Because the motion of complainant, supported by the affidavit of William Beverly Winslow, one of the counsel of complainant, showed that the Honorable John Paul, the judge trying said cause, was so concerned in interest in the matters in controversy in this proceeding as to render it improper for him to sit in the trial of this cause, and was further disqualified to sit in the trial of said matters by reason of his relationship to one of the petitioners, on whose motion said John T. Harris was appointed co-receiver."

The seventh, because no co-receiver should have been appointed under the petition of Templeton and others, and because the person appointed was the attorney for the petitioners.

The bill in this case is styled an "ancillary bill." Technically it is not an ancillary bill. The term "ancillary bill" is applicable to a proceeding growing out of original proceedings in the same court, dependent on such proceedings, and instituted for the purpose of enforcing the judgment, or of rendering complete justice among all the parties in interest. Instances of a bill of this character can be found in Freeman v. Howe, 24 How. 450, 16 L. Ed. 749; Railroad Co. v. Chamberlain, 6 Wall. 748, 18 L. Ed. 859; Minnesota Co. v. St. Paul Co., 2 Wall. 609, 17 L. Ed. 886; and Krippendorf v. Hyde, 110 U. S. 276, 4 Sup. Ct. 27, 28 L. Ed. 145. It is more properly an auxiliary bill filed to assist another circuit court in the administration and distribution of assets in a cause properly before it. The circuit courts of the United States, by reason of the comity existing between them, entertain such bills, and give all the assistance in their power to the court in which the bill was filed originally. The extent of the jurisdiction of the courts entertaining such auxiliary bills, and how far they will exert an independent function, is not

clearly determined. Mr. Justice Harlan and Judge Jackson, in this circuit, in Mercantile Trust Co. v. Kanawha & O. R. Co. (C. C.) 39 Fed. 337, denied that this court could take jurisdiction in such cases. That case, however, was for the foreclosure of the mortgage covering a railroad in the district of West Virginia, and the bill filed in the circuit court of that district did not contain proper averments justifying such a decree. In the First circuit, in Platt v. Railroad Co. (C. C.) 54 Fed. 569, it is stated that the practice in other districts is to entertain such bills and to act upon them generally ex parte and without argument. The circuit court of Massachusetts in this case follows that practice, without prejudice, however, to a full consideration of the question if it be thereafter made. The circuit court of Nebraska, in Ames v. Railroad Co. (C. C.) 60 Fed. 966, speaking of a case in which the bill was first filed in the Nebraska district and then bills were filed in the Wyoming and Colorado districts, use this language:

"The receivers of a railroad system must report to and be governed by the circuit court sitting in the district of their original appointment, in all matters relating to their general management of the trust, their general accounting, and the general operation of the road within the circuit. But the circuit courts sitting in other districts, where the same receivers were afterwards appointed, have jurisdiction to determine the validity and amount of claims of citizens thereof against the receivers and the corporation; and citizens of one district will not be required to go into another district to assert their claims."

All these were bills for the foreclosure of mortgages upon railroads. The circumstances of each case must control it. In the present case there is little difficulty. The bill filed in the Maryland district was to wind up the affairs of a Maryland corporation. The rights, obligations, and interest of stockholders must be governed by and be administered under the laws of Maryland. Every person becoming a stockholder takes his stock subject to the laws of that state. Railroad Co. v. Gebhard, 109 U. S. 527, 3 Sup. Ct. 363, 27 L. Ed. 1020. And when such a corporation has become insolvent, and the court of its residence has taken jurisdiction, the assets must be distributed by the courts of, and according to the law of, its origin. Smith v. Taggart, 30 C. C. A. 563, 87 Fed. 95; Clyde v. Railroad Co., Ex parte Powell (C. C.) 56 Fed. 539. Corporations like the defendant at bar do business in many states, and their assets consist of mortgages, loans, and perhaps other property, in the states in which they do business. It is necessary for the purpose of collecting in their assets that proper parties to sue should be in existence. The receiver appointed in the Maryland district has no extraterritorial existence. Booth v. Clark, 17 How. 322, 15 L. Ed. 164. It therefore becomes necessary that a receiver should be appointed in the districts in which these assets are, and to this end these auxiliary suits are filed. The circuit courts of the United States almost invariably (though there are exceptions) appoint the same receiver whom the court which first took jurisdiction appointed. This is from comity. It is not a matter of absolute right. Nor can the circuit court be deprived of the discretion which it unquestionably has in these cases. Atkins v. Railroad Co. (C. C.) 29 Fed. 162. It would seem that if the court in

which this ancillary bill was filed found it necessary, for the convenience of parties, that a resident co-receiver should be appointed, it clearly was competent for it to do so. The scope of a bill of this character is confined to the collection of the assets, and the transmission of them to the court which first took jurisdiction; for then the distribution can alone take place. Smith v. Taggart, 30 C. C. A. 563, 87 Fed. 94.

The third, fourth, and fifth assignments of error are directed to the refusal of the presiding judge to continue the hearing upon the demurrer, plea, and answer until the next rule day. This is a matter of practice, and cannot constitute a subject on which error can be assigned. Wiggins v. Gray, 24 How. 303, 16 L. Ed. 688. The granting or refusing a motion for continuance is not assignable as error. Cox v. Hart, 145 U. S. 376, 12 Sup. Ct. 962, 36 L. Ed. 741. No rule exists which justifies the motion. Rule 33 in equity gives leave to the plaintiff to set down the demurrer or plea to be argued. Rule 38 provides that if the plaintiff shall not reply to any plea or set down any plea or demurrer for argument on the rule day when the same is filed, or on the next succeeding rule day, he is liable to have his bill dismissed.

The sixth assignment of error goes to the disqualification of the judge because of the pendency in the state court of a suit by him against the defendant corporation, and because one of the parties in the Templeton petition was his son-in-law. There can be no doubt that no one should sit in a cause in which he, or those with whom he is connected, have an interest. It is unnecessary to cite authority for this, as it is a principle embedded in our jurisprudence. In the present case the learned judge who was presiding felt the full force of this doctrine, and gave it weight. He is said to be disqualified because of the suit pending in the state court against the corporation, brought by him as plaintiff. Did this disqualify him from making administrative orders in the case? He recognized the narrow line of demarkation between those formal and preliminary orders that do not affect the decision of any question going to the merits of the controversy, and those in the decision of which he had a personal interest. Section 601, Rev. St., dealing with the disqualification of a judge sitting in the district court, requires the removal of a cause when the circumstances "render it improper in his opinion for him to sit on the trial." So he naturally felt that it was for him to decide. The bill was filed in his court under his order; the receiver was recognized and appointed by him,—both on the motion of the counsel now objecting. The petition in question was before him three several days, the same counsel appearing, and on the last day was fully argued. He took the case under advisement until the next day. When he was about to announce his opinion, for the first time the objection was made that he was disqualified. He could well believe that the counsel themselves had seen that it was at least doubtful; that it was a point on which persons could differ. Indeed, he could well believe that the objection, if it had force, had been waived. In Moses v. Julian, 45 N. H. 52, quoted by appellee, it is said:

"If the facts are known to the party recusing, he is bound to make his objection before issue joined and before the trial is commenced; otherwise, he will be deemed to have waived the objection, in cases when a statute does not make the proceedings void. After a trial has commenced, no attempt to recuse a judge will be listened to unless it is shown affirmatively that the party was not aware of the objection, and was in no fault in not knowing it."

To the same effect are Crosby v. Blanchard, 7 Allen, 385, and Railroad Co. v. Taylor, 93 Va. 226, 24 S. E. 1013.

Under these circumstances, the judge had taken the matter into consideration, and, having reached his own conclusion, adhered to it. If we are governed by the analogy of section 601, Rev. St., it is a matter within his discretion and not the subject of error. Cheang Kee v. U. S., 3 Wall. 320, 18 L. Ed. 72; Earnshaw v. U. S., 146 U. S. 60, 13 Sup. Ct. 14, 36 L. Ed. 887. Freem. Judgm. § 145, declares the law which seems to control this question:

"While it is well settled by the common law that no judge ought to act where, from interest or from any other cause, he is supposed to be partial to one of the suitors, yet his action in such a case is regarded as an error or irregularity not affecting his jurisdiction, and to be corrected by a vacation or reversal of his judgment, except in the case of those inferior tribunals from which no appeal or writ of error lies. If the facts are known to the party recusing, he is bound to make his objection before issue joined, and before the trial is commenced; otherwise, he will be deemed to have waived the objection, in cases where a statute does not make the proceedings void."

The ninth assignment of error goes to the appointment of a co-receiver, and to the person appointed. If the application had been made for the appointment of a receiver in the first instance, no other receiver having been appointed, and what has been aptly termed the "condition of receivership" not existing (McNulta v. Lockridge, 141 U. S. 331, 12 Sup. Ct. 11, 35 L. Ed. 796), the action of the court appointing or refusing to appoint a receiver could not be reviewed at this stage of the case (In re Tampa Suburban Ry. Co., 168 U. S. 583, 18 Sup. Ct. 177, 42 L. Ed. 589; Construction Co. v. Young, 8 C. C. A. 231, 59 Fed. 721). The act of June 16, 1900, allowing appeals from interlocutory orders appointing receivers, was not passed until after the decision in this case. A fortiori, the appointment of a co-receiver in a cause within the jurisdiction of the court, and in which it had appointed receivers, was not reviewable. After careful examination, no case can be found in which the discretion of the judge in selecting the person to be receiver has been disputed. In Street v. Railroad Co. (C. C.) 58 Fed. 47, Judge Bond, in this circuit, clearly thought this a matter for the court alone. If the appointment made is so objectionable that it ought not to stand, or if there be anything in the future conduct of the co-receiver which displays a partisan bent, or anything else which would make his removal desirable, a motion to that effect can be made, and will no doubt receive at the hands of the circuit justice or of the circuit judge before whom it may be made the most careful consideration.

With regard to the first assignment of error, going to the overruling the motion to strike from the files the petition, because the petitioners did not pray that they be made parties: No formal prayer of that kind is essential. They were stockholders. They filed their petition in a cause instituted in behalf of all stockholders. Their

presence was desired in the cause. They asked a privilege in the cause. Leave was given them to file their petition. It was not necessary to show that they had been actually admitted by an express order entered on the record, if it does appear that they acted or have been treated as parties. Ex parte Cutting, 94 U. S. 21, 24 L. Ed. 49.

With regard to the second assignment of error,—the overruling the demurrer: Some of the parts of the petition—especially those in which the petitioners seek to modify or overrule the action of the circuit court in Maryland—are open to serious objection. But the record shows that at the hearing every prayer and position was abandoned except that for a resident co-receiver. That was the sole issue before the court, and, as has been seen, is not reviewable here at this stage of the case.

The learned counsel for the appellant, in an argument commendable for its tone as well as its ability, urges upon the court that this is a final decree, and so appealable. But a final decree is one which disposes of the whole case. It must terminate the litigation between the parties on the merits of the case. Bostwick v. Brinkerhoff, 106 U. S. 3, 1 Sup. Ct. 15, 27 L. Ed. 73. When something more than the mere minsterial execution of the decree is to be done, it is not a final decree. Lodge v. Twell, 135 U. S. 232, 10 Sup. Ct. 745, 34 L. Ed. 153. A decree is final by which the whole purpose of a suit has been accomplished. Iron Co. v. Meeker, 109 U. S. 180, 3 Sup. Ct. 111, 27 L. Ed. 898. When a case comes up on appeal in equity from a final decree, the whole case, from its inception, is before the court. Ridings v. Johnson, 128 U. S. 212, 9 Sup. Ct. 72, 32 L. Ed. 401. It brings up the whole cause, including an appealable order previously made by the court. Trust Co. v. Seasongood, 130 U. S. 482, 9 Sup. Ct. 575, 32 L. Ed. 985. The intervention in the case at bar is but a side issue in the case. It cannot bring up the whole case, nor will its decision in any way affect the merits of the case. The cases relied upon by the appellant (Rouse v. Letcher, 156 U. S. 47, 15 Sup. Ct. 266, 39 L. Ed. 341; Pope v. Railroad Co., 173 U. S. 577, 19 Sup. Ct. 500, 43 L. Ed. 814; Central Trust Co. v. Marietta & N. G. R. Co., 1 C. C. A. 116, 48 Fed. 850; Trust Co. v. Madden, 17 C. C. A. 236, 70 Fed. 451) were all cases of intervention in railroad receiverships, seeking damages for personal injuries. In each of these cases all persons having claims against the railroad companies were enjoined from proceeding to recover them except in the cause and before the court. When, therefore, a person holding a claim of this character intervened, he practically asked leave to sue the receiver on his claim. Sometimes the court had the action tried before a jury. Sometimes it is referred to a master. In each instance it is a suit complete in itself, distinct from the main cause,—not in the main cause except so far as the injunction forbade the petitioner from going elsewhere. The distinction is analogus to the cause of Credits Commutation Co. v. U. S., 177 U. S. 315, 316, 20 Sup. Ct. 636, 44 L. Ed. 782.

We are of the opinion that as to the issues involved in this record this court, as a court of appeals, has no jurisdiction. The appeal is dismissed.