## ALLIS et al. v. STOWELL.[1]

(Circuit Court, E. D. Wisconsin. June, 1880.)

1. REHEARING—REQUISITES OF PETITION AND AFFIDAVIT.
   A petition for rehearing must be signed by counsel. Neither it nor the affidavits in its support should be verified before a notary public who is also counsel for petitioner. The affidavits should, by distinct and positive allegations, be made a part of the petition.

2. SAME—NEWLY-DISCOVERED EVIDENCE.
   A petition for rehearing, on the ground of newly-discovered evidence, must fully state, independently of the accompanying affidavits, the nature of the new evidence relied on, that it was not known to the petitioner until after the decree, and when it did first come to his knowledge. It must further disclose with particularity and detail sufficient facts to show that, with reasonable diligence, the new evidence could not have been known before the hearing on the merits.

This was a suit in equity by Edward P. Allis and others against John M. Stowell. The cause was heard upon a petition and accompanying affidavits for a reopening of the case and for leave to amend the answer in certain particulars.

W. G. Rainey, for complainants.
E. H. Bottum, for defendant.

DYER, Circuit Judge. After some delay, which has seemed unavoidable on account of the pressure of other duties, I have carefully considered the application of the defendant for a reopening of this case and for leave to amend his answer in respect of the matters which are made the basis of such application; and, to enable me to

---

[1] This case has been heretofore reported in 5 Ban. & A. 458, and is now published in this series, so as to include therein all circuit and district court cases elsewhere reported, which have been inadvertently omitted from the Federal Reporter or the Federal Cases.

form a correct judgment upon the question discussed at the argument, I have looked with care into the authorities cited by counsel which bear upon and point out the true practice, in matters both of form and substance, upon applications of this character. As a result of such investigation, I have come to the conclusion that, if I were to entertain the present petition, I should sanction a practice which was not approved by Mr. Justice Story and other eminent judges who have expressed opinions upon the practice to be pursued, in applications for rehearing, after decree, based upon newly-discovered evidence. An examination of the authorities clearly shows that the courts proceed, in the consideration of applications like the present, with great caution, and are controlled in their action by stringent rules. These rules I feel bound to observe, and, without elaborating upon the subject, I must hold that the present petition is defective in the following particulars: (1) It is not signed by counsel. (2) It is sworn to before Mr. Bottum as a notary public, he being also counsel for the petitioner in the case. (3) The affidavit of the defendant, Stowell, intended to accompany the petition, is also sworn to before Mr. Bottum as notary public. (4) The various affidavits which are presented for consideration, in connection with the petition, are not, distinctly and positively, by apt allegation, made part of the petition. (5) The petition does not state with sufficient fullness, independently of the affidavits, the nature of the alleged newly-discovered evidence. (6) It does not state, as it should, positively and unequivocally, that the alleged newly-discovered evidence was not known to the petitioner until after the decree, nor when it did first come to his knowledge. (7) It does not state with requisite particularity and detail what search was made, before the hearing of the cause, for evidence, what diligence was exercised, and wherein and how it was exercised. Particular and sufficient facts should be disclosed to show that, with reasonable diligence, the alleged newly-discovered evidence could not have been found or known before the hearing on the merits. (8) The petition does not sufficiently disclose the circumstances under which the new evidence was discovered. Dates, particular circumstances, and written correspondence, if any, are not shown, and the allegations in relation thereto are very general.

It is to be borne in mind that the present application is one, not only to reopen the case for further hearing after interlocutory decree, but also to amend the answer and introduce new subject-matter for purposes of defense; and, although it is my view that such an application as the present may at this stage of the case be made in the form of petition and affidavit, I am of opinion that, for the reasons and in the particulars above stated, this petition must be held defective. In the light of the authorities, no good grounds are stated for reopening the case as to the Beckwith patent, and the defendant's application will be denied absolutely, so far as it relates to that patent.

His application to vacate the decree and amend his answer with reference to the Selden patent will also be denied; but, as the alleged newly-discovered evidence seems to bear upon the merits of the

complainant's claim under the Selden patent, and as some of the grounds upon which the present petition is held defective are technical, the petitioner's application, to the extent that it relates to the Selden patent, will be denied, without prejudice to his right to file, on or before the 10th day of August, 1880, an amended or substituted petition for a rehearing, to the extent indicated, and for leave to amend his answer as heretofore prayed, with the right to use the affidavits and exhibits now on file with the present petition, except the affidavit of the defendant, Stowell, in the present form of verification. In case, however, such amended or new petition shall be filed, it must be on condition that the defendant pay the taxable costs thus far incurred in his application for a rehearing, and that he also pay the necessary traveling and other expenses of the complainant's solicitor, incurred by him in attendance upon the former hearing of the defendant's application, together with $30 solicitor's fees.