## COBURN v. SCHROEDER and others.

*(Circuit Court, S. D. New York.  March 8, 1882.)*

1. LETTERS PATENT—DEFENCES—PRIOR ENGLISH PATENT.

An English provisional specification is not a defence, under section 4920, Rev. St., until it has been printed, the invention described in it not being patented until the completed specification is filed.

*Smith* v. *Goodyear Dental Vulcanite Co.* 93 U. S. 416.

2. ISSUES—DISCLAIMER—EFFECT OF.

The issues in a patent case are not changed, on a rehearing, by a disclaimer of a portion of the claim set up on the former hearing; such disclaimer does not broaden the issue, but narrows it.

3. REOPENING CASE, WHEN REFUSED.

A case will not be reopened for the purpose of allowing it to be prepared anew for trial.

In Equity.  On motion to open decree.

*Andrew J. Todd,* for plaintiff.

*Samuel Greenbaum,* for defendants.

WHEELER, D. J.  This cause has now been further heard upon motion of the defendant to have the decree opened, and leave granted to put in as further defences to the patent an English provisional specification, left by James Ritchie Butchard, January 22, 1866, at the office of the commissioner of patents in England, with a petition for a patent, and other evidence of prior knowledge and use.  The invention is understood to have been made in February, 1866.  The introduction of the provisional specification would be unavailing unless it would bring the case within the third division of section 4920, Revised Statutes: "That it had been patented or described in some printed publication prior to his supposed invention or discovery thereof."

In *Smith* v. *Goodyear Dental Vulcanite Co.* 93 U. S. 486, the invention was found to have been made in the spring of 1855, and there was an English provisional specification and patent in evidence. The court, at page 498, on this subject said: "Of the English patent of Charles Goodyear it is enough to say that though the provisional specification was filed March 14, 1855, the completed specification was not until the eleventh of September following.  It was therefore on the last-mentioned date that the invention was patented." This specification is printed in a book entitled Specifications of Patents, and, as printed in 1866, found in the Astor library, in the city of New York; and it is urged that this would show a sufficient de-

scription in a printed publication. If this would be a sufficient printed publication, it would not be printed until the specification had been left, for some time at least, and this invention was so soon after that, that this publication would not appear to be, and probably was not, made until after the invention.

The other new evidence shown consists of affidavits of knowledge and use in England, France, and Canada, and at Buffalo, New York. The evidence of such knowledge and use in a foreign country would not, of itself, defeat the patent, or be material. Rev. St. § 4923. The new evidence of use at Buffalo is set forth in the affidavit of John W. Sherwood, to the effect that in 1856 he there "personally made large numbers and quantities of said bottomless trays, divided into compartments containing two or more inside cells, as above stated; that the same were at that time in common use for drug-store and other purposes." This evidence, if it was in, and should gain credit to its full intent, would not show a knowledge and use of this invention as patented, as the patent has been construed. An urgent appeal is made for the opening of the decree on account of the alleged change of issue made by the filing of the disclaimer. As the issue was framed, and understood by all parties, evidence of structures of more than two tiers was applicable, and as much so as it would be since two-tier structures have been disclaimed; and, apparently, the defendants strove to obtain, and introduced, all the evidence they could obtain of prior knowledge and use of structure of more than two tiers, and the plaintiffs strove to meet it. So there is not only no new issue, but the parties were not in any way misled in supposing that the issue left after the disclaimer was filed was not in the case before.

The defendants claimed and appear to have supposed that proof of two-tier structures would be sufficient to defeat the patent. They also apparently well understood that, a fortiori, proof of more than two-tier structures would, and to have acted fully upon that understanding. The disclaimer did not broaden the issue, but narrowed it. The parties have had a full opportunity to try, and have diligently availed themselves of the opportunity to try, the question which would be open if the case should be again opened. Therefore, the filing the disclaimer does not affect this question. There is no proof of any specific new evidence to be offered, except that of Sherwood, accompanying the motion. It is really an application to prepare the case over again, although it has already been once, appar-

ently, thoroughly prepared and presented. This, although quite frequently thought by losing parties to be desirable, is not by any rule of law or practice allowable.

The motion must be denied.