NEW YORK FILTER CO. v. O. H. JEWELL FILTER CO. et al.

(Circuit Court, S. D. New York. July 7, 1894.)

PATENTS — SUITS FOR INFRINGEMENT — REHEARING—NEWLY-DISCOVERED EVIDENCE.

    After a decision directing an interlocutory decree for an injunction against the defendants, they cannot be allowed to amend their answer and take new proofs as to anticipations of the patent sued on, without proof of their previous diligence in preparing their case. The expression by their solicitor, in oral argument, of his belief on the subject, is insufficient.

This was a suit by the New York Filter Company against the O. H. Jewell Filter Company and others for infringement of a patent. A decree for complainant was granted directing an injunction and an accounting. 61 Fed. 840. Defendants moved for leave to amend and to take new proofs.

M. H. Phelps, for complainant.

Lysander Hill, for defendants.

SHIPMAN, Circuit Judge. This is a motion by the defendants for leave to amend their answer, and for an order that the taking of testimony be reopened, with leave to the defendants to take evidence respecting the anticipations of the patented process which are referred to in the affidavits accompanying the motion. The bill of complaint was based upon the alleged infringement by the defendants of the patent to Isaiah Smith Hyatt, applied for September 20, 1883, and granted February 19, 1884. In June, 1888, a bill in equity for an infringement of this patent was brought by the Hyatt Pure Water Company against the Jewell Pure Water Company, the predecessors of the defendants, in the circuit court for the northern district of Illinois, and, after some testimony was taken, was discontinued, at the request of the complainant, in February, 1889. The bill in this case was brought March 1, 1893, and was amended July 8, 1893, by making the O. H. Jewell Filter Company a defendant. The testimony was closed January 19, 1894. The case was argued March 1, 1894, and the decision, directing an interlocutory decree for an injunction, was filed June 9, 1894. 61 Fed. 840.

The affidavit of Benjamin T. Loomis, a dealer in filters in Baltimore since 1880, says that in the summer of 1882 he invented an improved device for feeding alum in minute quantities into the water which enters the filter, and that in December, 1882, he attached the device to one of his filters, and used it successfully at his place of business in Baltimore for the purification of water used in his shop for drinking purposes, and that in filling orders after December, 1882, when purchasers required this method of purification, he has sold "a considerable number of filters, combined with his

alum solution feeding device," and has had them in his stock. This affidavit is the only one of importance upon this motion. The New Orleans affidavits are, in my opinion, unimportant. The information which they contain is unsubstantial in its character. The defendants gave no affidavits respecting the amount of diligence which they, or either of them, had used in the preparation of their case, or as to any difficulty in obtaining testimony, and furnished no facts showing the reason why this alleged anticipation in the city of Baltimore, by a filter manufacturer of long standing, was not sooner discovered. During the progress of the litigation the complainant had endeavored to make its existence widely known by letters to dealers in filters and advertisements in trade newspapers. The requisites which must appear in the petition for a rehearing of a bill in equity for the infringement of a patent, after a decision upon "final hearing," and before or after a decree for an interlocutory injunction, but before final decree, and which must be found to have existed, are stated in Reeves v. Bridge Co., 2 Ban. & A. 258, Fed. Cas. No. 11,661, and in Page v. Telegraph Co., 18 Blatchf. 122, 2 Fed. 330. The facts in the latter case were that, after a decision had been filed which sustained the validity of the patent sued on, and before the entry of the usual interlocutory decree, the defendant presented a petition, signed and verified only by its solicitor, for the taking of further proofs of newly-discovered anticipations, and for a rehearing upon such new proofs. A demurrer to the petition was sustained upon the ground that it did not show that the defendant "could not, with reasonable diligence, have obtained, prior to the former hearing, the testimony which it now seeks to adduce." Judge Blatchford says in his opinion:

"There is no oath of any officer of the corporation, or of any person who searched for evidence, or anything to show what search was made, or what knowledge or information was had or not had, or what diligence was in fact used, so that the court can judge whether such diligence was due or reasonable."

So in the Reeves Case, Judge McKennan says:

"It is incumbent on the defendants to satisfy the court that the omission to produce the evidence which they now seek to make available, before the former hearing of the cause, is not due to any negligence on their part, but that they made diligent efforts to discover and obtain it."

In this case the defendants have said nothing. Their solicitor, in oral argument, has expressed his belief on the subject; but, as pointed out in the Page Case, such expression is insufficient. There is in the record an entire absence of the foundation upon which a decree to open the cause can be based. That foundation is proof of the defendants' previous diligence. The case is simply this: The defendants want to amend their answer, take new proofs, and have a new hearing, because they have, in their opinion, ascertained that there is new and reliable evidence of a use of the patented process before the date of its alleged invention by the patentee, and the court is asked to open the case, simply because such evidence can be obtained, no reason being given why it was not obtained in time. The motion is denied.