McLEOD et al. v. CITY OF NEW ALBANY.

(Circuit Court of Appeals, Seventh Circuit. February 23, 1895.)

No. 213.

1 EQUITY PRACTICE—PARTIES—APPEAL.

Where a decree upon an intervening petition reserves certain questions, raised by the petition, for further hearing, and does not determine the

same, the objection that persons, who are concerned only with the questions so reserved, are not made parties to the petition, is not available on appeal from the decree.

**2. SAME—INTERVENING PETITION.**
The parties to an original bill are, in fact, parties to an intervening petition filed in the suit, and bound to take notice of such petition and the proceedings thereunder, though not made formal parties to the petition.

**3. SAME—DUTIES OF RECEIVERS.**
Receivers, in respect to the conservation of the property in their hands, represent all parties to the suit in which they are appointed; and cannot, after a full hearing upon the merits of an application to direct them in regard to the disposition of such property, object to the decision, on the ground that parties whom they represent have not been formally notified.

**4. SAME—REHEARING—NEWLY-DISCOVERED EVIDENCE.**
An application for a rehearing, on the ground of newly-discovered evidence, which shows no diligence to obtain such evidence, and does not set forth the facts to be proved nor the witnesses to be called, but merely asserts that the facts had not come fully to the knowledge of the party at the time of the hearing, without showing any application for time to investigate such facts, cannot be granted.

**5. APPEAL—APPLICATION FOR REHEARINGS.**
An application for a rehearing is addressed to the sound discretion of the court, and its action thereon is not reviewable on appeal.

Appeal from the Circuit Court of the United States for the District of Indiana.

Suit by the Youngstown Bridge Company against the Kentucky & Indiana Bridge Company, in which receivers of the property of the latter company were appointed. The city of New Albany, Ind., intervened. The receivers appeal.

Bennett H. Young, for appellants.

W. H. H. Miller, Ferdinand Winter, John B. Elam, and George H. Hester, for appellee.

Before WOODS and JENKINS, Circuit Judges, and GROSSCUP, District Judge.

JENKINS, Circuit Judge. In a suit brought by the Youngstown Bridge Company in the court below, the appellants on the 17th day of October, 1893, were appointed receivers of the Kentucky & Indiana Bridge Company (hereinafter called the "Bridge Company"), a corporation created and organized under the laws of the state of Indiana, and the owner of a bridge spanning the Ohio river between the city of Louisville, in the state of Kentucky, and the city of New Albany, in the state of Indiana. In that suit the city of New Albany, on the 28th day of January, 1894, by leave of the court, filed its intervening petition, representing that for many years prior to the receivership the bridge company was the owner and in possession of a large amount of real and personal property situated within the limits of the city of New Albany, and subject to assessment for taxation by the city; that during the years 1889 to 1893, both inclusive, certain taxes were lawfully assessed by the city against the property of the bridge company, part of which remained unpaid, and were by law a lien upon the real estate and personal property of the bridge company then in

possession of its receivers, which lien was superior in equity to all other liens and incumbrances. The petitioners ask that such taxes be paid out of any funds in the hands of the receivers in priority of any claims of other creditors of the bridge company. The intervening petition also asserted certain claims for taxes assessed against the New Albany Railway Company, the New Albany Ferry Company, and the New Albany Belt & Terminal Railroad Company, which it was claimed should also be paid by the receivers of the bridge company upon grounds stated in the petition. These claims were not determined, but reserved by the decree complained of, and are not before us on this appeal. The intervening petition was referred to a master to take proofs, and to report the evidence, with findings of fact, to the court. The master reported that he found the amount due for taxes assessed against the property of the bridge company by the city of New Albany to be $1,171.58; that such taxes were duly and legally assessed; that the receivers took possession of all the property of the bridge company, and have been in receipt of its tolls and revenue; and that the city of New Albany, the intervening petitioner, was entitled to be paid such sum by the receivers. An exception was filed to the report upon the ground that the assessments made against the property of the bridge company were excessive, unjust, and unreasonable, and that the assessment was four times the cost of the property assessed. Subsequently, and before hearing upon the exception, a motion was made in behalf of the receivers, asking for the recommittal of the report for further hearing upon the grounds—First, that final action should not be had upon the report of the master, because the proper parties had not been brought before the court, and had not appeared to set up such defenses as they have to the claim of the said city of New Albany; second, that the assessment was unlawful, because the valuation included property situated in the state of Kentucky, and was excessive. The motion was founded upon and supported by the affidavit of the counsel for the receivers which states that the matter set out in the intervening petition cannot be fully determined without the New Albany Railway Company and the New Albany Belt & Terminal Railroad Company being parties to this suit, and being called upon to make defense. The affidavit further stated Alexander Dowling, J. H. Statsenberg, trustee, Theodore Harris, trustee, the Louisville Trust Company, and the Columbia Trust Company, trustees, were all interested in the matter set up in the intervening petition; that they were defendants to the suit, and were entitled to notice of the filing of the intervening petition, and of the time and place of the hearing, and that they had no notice of either the filing of the petition or the sitting of the master. The affidavit further asserts, with respect to the application for a rehearing based upon the ground of newly-discovered evidence, that the valuation of the property of the Kentucky & Indiana Bridge Company as assessed for taxation was excessive, and was unlawful, and that the affiant believed that the receivers can show "that in said valuation was included property not situate in the state of

Indiana, but situate in the state of Kentucky, and that the sum was so excessive as to shock the sense of fairness of any reasonable man, and that by said excessive, unreasonable, and unlawful valuation the taxes claimed by the said city of New Albany are greatly increased, and are greatly in excess of that which is either just or reasonable; * * * that said facts have only fully come to their (the receivers') knowledge since the filing of the report of the special commissioner, and that they would have been set up before said Harrison (special commissioner) if then fully known." The court on the 27th day of September, 1894, overruled the exception, confirmed the report, and ordered the receivers to pay the amount found due.

It is alleged in error that the court erred in overruling the exceptions to the report, and in refusing to recommit the cause for further hearing. The objection for defect of proper parties may be taken advantage of either by demurrer, plea, answer, or at the hearing. If the defect be apparent upon the face of the bill, it should be called to the attention of the court by demurrer; otherwise by plea or answer. Such an objection is not usually available for the first time at the hearing, unless there is wanting an indispensable party, without whose presence a determination of the controversy cannot be had. The suggestion that the New Albany Railway Company and the New Albany Belt & Terminal Railroad Company are indispensable parties to the intervening petition cannot avail upon this appeal, for the reason that, if otherwise they are necessary parties to the petition, the claims of the respondent with respect to taxes laid upon their property were not determined by the decree now under review, but were reserved for further hearing. The other parties, whose presence is suggested as essential, are parties to the original bill, as holding incumbrances upon the property subordinate to the lien of the complainant. They were in court in the suit in which the receivers were appointed, and were bound to take notice of the intervening petition of the city filed in that suit, and of the proceedings thereunder. It was not necessary that they should be made formal parties to the petition. Being parties to the suit, they were in fact parties to the intervening petition. The receivers, in respect to the conservation of this property, represent all parties to the original bill. It was their duty to preserve the estate, and thereto to pay the taxes thereon. If the taxes were illegally laid, it was their duty, representing all in interest, to contest payment. If parties to the original bill desired to take active part in such contest, they had the right to be heard, and such right, if demanded, would doubtless have been accorded to them. They did not so ask, although being parties to the suit, they were obligated to take notice of the proceedings. They are not here objecting that they were not well represented by the receivers. The latter cannot for the first time, after full hearing upon the merits before the master, object that those they represented should be formally notified of the petition.

A rehearing for newly-discovered evidence rests in the sound discretion of the court. The application should disclose the new

testimony, the names of the witnesses, and the character of any documentary evidence; that it has come to light since the hearing, and was not known, and could not by reasonable diligence have been ascertained for use at the hearing; that it is not cumulative. Dexter v. Arnold, 5 Mason, 303, Fed. Cas. No. 3,856; Daniel v. Mitchell, 1 Story, 198, Fed. Cas. No. 3,563. Within these principles, the application was properly denied. It failed in every essential to come within the rule. The record does not contain the evidence before the master, and the application does not show that the proposed new evidence was not cumulative. No diligence to obtain the evidence at the hearing is exhibited. Indeed, so far as the application presents the matter, there is confession of negligence. The most ordinary diligence in the preparation of the case for the hearing would have suggested the ascertainment of the basis of assessment of the property, and, if in such assessment there was included property situate without the limits of the state, it must have been matter easily determined. Neither the facts nor the witnesses by whom the facts are to be proven, are set forth in the application. Nor does it appear that the facts have come to the knowledge of the receivers since the hearing. It is merely asserted that they have only since the hearing fully come to their knowledge. If, without subjection to the imputation of negligence, they were only partially informed of the facts at or before the hearing, it became their duty to apply for a postponement of the hearing until the facts could be fully ascertained. Proceeding with the hearing without objection or request for time to fully ascertain and produce the evidence, they cannot now equitably ask for a rehearing merely because they were not then fully advised of the facts; especially so when neither the facts they expected to prove, nor the extent of their previous knowledge of them, are disclosed to the court. The evidence was not newly discovered, within the meaning of the law. The application is presented upon the mere belief of the affiant, and is wanting in compliance in every particular with the settled rule governing such matters. But, were the case otherwise, such an application is not founded in matter of right, but is addressed to the sound discretion of the court. The exercise of that discretion cannot be assigned for error or reviewed in an appellate court. Steines v. Franklin Co., 14 Wall. 15, 22; Buffington v. Harvey, 95 U. S. 99; Railway Co. v. Heck, 102 U. S. 120; Boesch v. Graff, 133 U. S. 697, 10 Sup. Ct. 378; Bondholders & Purchasers of Iron R. R. v. Toledo, D. & B. R. Co., 18 U. S. App. 479, 10 C. C. A. 319, 62 Fed. 166. Affirmed.