NEW YORK FILTER MFG. CO. v. JACKSON.

(Circuit Court, E. D. Missouri, E. D. November 22, 1900.)

No. 4,159.

1. PATENTS—SUITS FOR INFRINGEMENT—EFFECT AND PROOF OF PRIOR DECISIONS.
    Where circuit courts and the circuit court of appeals in one circuit, in a number of decisions, have uniformly sustained the validity of a patent, in the absence of conflicting decisions elsewhere a circuit court of another circuit will follow such decisions, unless new matters of defense are presented; and the rule being one of comity and expediency, to secure uniformity of decision, and not one of law, the complainant in a later suit will not be required to produce strict legal proof, by the introduction of a full transcript of the record in the former suits, to show that the same anticipating patents and publications were relied on and considered therein, but such fact may be shown by the opinions filed, and by the testimony of witnesses shown to have knowledge.

**2. SAME—WATER FILTERS.**
> The Hyatt patent, No. 293,740, for an improvement in the art of filtration of water, *held* valid and infringed.

In Equity.   Suit for infringement of patent.   On final hearing.

John M. Holmes and John R. Bennett, for complainant.
George W. Taussig, for defendant.

ADAMS, District Judge (orally).   This case is now submitted to the court upon final proofs.   It was before the court in 1898 on an application for a preliminary injunction, and an opinion was prepared on that occasion, which is found in 91 Fed. 422.   As stated in that opinion, the validity of the patent in suit has been sustained on final hearing upon its merits not only in the circuit court of the United States for the Southern district of New York (New York Filter Co. v. O. H. Jewell Filter Co., 61 Fed. 840; Id., 62 Fed. 582), but on appeal of the same case in the circuit court of appeals for the Second circuit. Schwarzwalder v. New York Filter Co., 13 C. C. A. 380, 66 Fed. 152.   It has also been sustained in several other suits brought to determine its validity in other circuit courts of New York and in the circuit court of appeals, as stated in the former opinion of this court.   The opinions rendered in New York have been exhaustive, and have resulted in each case in sustaining the validity of the patent.   I do not know of any other patent which has been the subject of more prolonged litigation, and against which the attacks of its opponents have been more determined and vigorous.   It would seem, therefore, if any case exists in which considerations of comity should prevail, this is one of them.   I intimated strongly at the hearing that my notions of the rule of comity would constrain me to hold this patent valid if I became satisfied that nothing substantially new is presented in this record.   Conforming to that intimation, counsel for defendant, besides arguing the case with great force on the merits, urgently contends that there is no evidence before the court in this case showing that the several patents put in evidence by the defendant as anticipations or as illustrations of the prior art were before the courts for their consideration in the cases heard and determined in New York.   It is argued that the only way to prove that all these patents were considered by those courts is to introduce the full records of those cases.   On the contrary, it is contended that it sufficiently appears from the opinions rendered in those cases, not only from specific references to patents, but from the classification of subjects treated in the opinions, that all the alleged anticipating or illustrative patents were before the several courts in New York; and it is also claimed that there is satisfactory proof that the patents relied upon by the defendant were not only involved in those cases, but were fully exploited at their hearings. The evidence on this last-mentioned proposition is that of complainant's experts, William Main and Henry Morton.   These witnesses were examined in the case now before the court, and shown to have been employed by complainant in most, if not all, of the suits resulting in the decrees already referred to, in the New York courts, and also shown to have been entirely familiar with the records and

proceedings in those cases. After so qualifying the witnesses, they were asked if the patents and publications (naming them) which are offered in evidence by the defendant in this case were involved in the prior litigation in New York. They answered, in substance and effect, that all of them were not only in evidence in the prior litigation, but were relied upon by the defendants in those cases, and were thoroughly exploited by their witnesses. It thus appears (if this kind of evidence is competent to show the fact) that everything which is now relied on by defendant was before the courts in the prior litigation in New York. Is this kind of evidence competent? I think it is. The issue is not as to the details of what was before the courts, but simply as to whether the subject-matter of defendant's present defenses was before those courts for consideration. It is undoubtedly true that the best evidence as to what was before them would be a certified copy of the evidence taken in the cases; but there are cases in which secondary evidence may be, under the circumstances attending them, the best evidence that the nature and character of the case and of the issues involved require. In my opinion, the present case presents one of that character. To bring the entire evidence introduced in those cases before this court to prove the one ultimate fact already referred to as now at issue is, by reason of the great expense, trouble, and immateriality of a very large proportion of it, unreasonable and unnecessary. The principle just announced is particularly applicable to cases in which the question of comity is involved. This, as said by the supreme court in Mast, Foos & Co. v. Stover Mfg. Co., 177 U. S. 485, 20 Sup. Ct. 708, 44 L. Ed. 856, "is not a rule of law, but one of practice, convenience, and expediency." It is there said, in substance, that the purpose underlying the doctrine of comity is to secure a uniformity of ruling, so far as possible, and thus avoid confusion until a higher court has settled the law. Such being the correct theory, it is manifest that if the case is not to be determined under strict rules of law, but, rather, on considerations of convenience and expediency, no such strict rules of evidence should be enforced as will make the particular remedy impracticable. The desirability of having a uniform ruling with respect to the validity of patents, so that there may not be a monopoly of a given process of manufacture in one state, and free competition in another, is so great as to fully justify a trial court in conforming to prior rulings of courts of co-ordinate jurisdiction, and to practically require them to conform to the rulings of courts of superior jurisdiction. It may be that the courts have erred in their rulings, but the desirability of having a uniform status given to all patents throughout the United States is so great, in my opinion, as to permit even possible error to stand until courts of superior jurisdiction shall determine the contrary. The probability that defendants, in prolonged, strenuous, and repeated efforts to defeat a given patent, have presented every conceivable defense arising out of the prior art, is so great as possibly to require a defendant in a later case not only to plead his anticipations, but to show affirmatively that they were not before the court in the prior litigation, before a trial court will disturb a status given to the patent by the judgment of other courts of co-ordinate and

superior jurisdiction. But, as already said, it is not necessary to go to this extent. The complainant has satisfied the court by affirmative proof not only that the federal courts in the state of New York have had the patent under consideration in this case before them, as stated in my former opinion, but that every patent and publication now pleaded as anticipations were before those courts and fully considered. This is certainly sufficient, under the recognized doctrine of comity, to constrain this court to maintain the established status of this patent until courts of controlling authority and of equal dignity and jurisdiction with the court of appeals of the Second circuit rule to the contrary.

I have heretofore alluded to the patents and publications relied upon by the defendant as anticipations, but I have not overlooked the evidence of witnesses taken in New Orleans. I have given this evidence careful consideration, and I find nothing in it to establish satisfactorily that the New Orleans witnesses, or any of them, were the first inventors of complainant's device. Not only so, but the opinions in the former cases show that this testimony was all before the courts in those cases, and was pronounced by them to be unsubstantial and unsatisfactory. I have carefully considered the memorandum of facts in the case presented by counsel for the defendant, and have noted his many contentions with respect to omissions of proof, and with respect to the necessary significance of the facts which are established; but I am unable to find that the case now before me is so different in important or vital respects from those which were before the United States courts in New York as to permit me to exercise independent judgment in this case at the present time.

There will be a decree for complainant, and counsel may prepare one for submission to the court.