JUNEAU WATER CO. et al. v. JUALPA CO. et al.

(First Division.   Juneau.   August 25, 1907.)

No. 457A.

1. EQUITY (§ 389*)—TRIAL—FINDINGS OF FACT AND CONCLUSIONS OF LAW.

On trial of an equity suit the judge gave a written opinion, wherein he discussed both law and the facts.   *Held*, that such opinion was merely a written argument or statement of reasons for the judge's conclusions, and did not constitute the formal

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

findings of fact and conclusions of law required by sections 209 and 372 of the Alaska Code of Civil Procedure.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 830; Dec. Dig. § 389.*]

2. EQUITY (§ 422*)—DECREE—MOTION.

Where findings of fact and conclusions of law have not been signed in an equity suit, a motion for judgment on the advisory verdict of a jury will be denied.

[Ed. Note.—For other cases, see Equity, Dec. Dig. § 422.*]

3. EQUITY (§ 392*)—REHEARING.

The reopening of a cause in equity is not a matter of right, and, to invoke the action of the court in this respect, the showing therefor must be something more than formal and perfunctory. Where the application is made on the ground of newly discovered evidence, the courts have required that all particulars be set up, not only in the petition, but in the affidavits, and in these the nature of the evidence relied upon and the time when it first came to the knowledge of the applicant should be stated fully.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 834–851; Dec. Dig. § 392.*]

4. EQUITY (§ 385*)—RECEPTION OF EVIDENCE—REOPENING CASE.

A case will not be reopened to admit further evidence on behalf of the plaintiff, the existence and materiality of which were known to him before he closed his case.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 833; Dec. Dig. § 385.*]

This suit was brought to restrain the defendants from impounding the waters of Gold creek, and from interfering with the course and flow of the waters of the creek. The specific performance of a certain contract is also sought.

A few days prior to the trial of the cause, a supplemental complaint was tendered, and finally amended and filed. The suit was then tried, a jury being impaneled to assist the court in passing upon certain questions of fact. The jury returned

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

answers to the specific questions submitted to them, which were for the defendants. Some time after the trial, on January 5, 1907, the court rendered a decision or written opinion in the cause, in which it decided that the contract in question was binding upon the defendants; but the court in its opinion adopted the findings of the jury upon the questions of fact, refusing to set the jury's findings aside, and directing the entry of a decree for defendants upon the facts found. No formal findings of fact or conclusions of law had been presented to or signed by the court, nor has a decree ever been entered.

Two days after the opinion of the court was filed, on January 7, 1907, the plaintiffs filed a motion to set aside the opinion and decision of the court; and to grant a new trial or rehearing of the cause, for certain reasons enumerated therein, these reasons being based upon the impaneling of a jury in the case, the adoption of the jury's findings by the court, and the allegations that the weight of the evidence against the defendants, in that the weight of the evidence shows a breach of the contract. Two days after the filing of the motion, to wit, on January 9, 1907, the counsel in the case entered into the following stipulation:

"It is hereby stipulated and agreed, by and between the respective counsel for the plaintiffs and defendants herein, that the argument of a motion for a new trial herein be postponed until the return of the judge of this court from a contemplated absence. It is further stipulated between the parties hereto that the motion for a new trial may be amended in any way, shape, or form prior to said argument, and that further proceedings in said cause be postponed until the return of the said judge."

The trial judge was in another division of the district until late in September. During that time nothing was done in that cause, except the filing by the defendants on May 31, 1907, of a motion to correct and modify the decision and opinion of the court, by striking that portion in which the court stated that the Jualpa Company had succeeded to the title of the Last

Chance Company, through J. Clarke Hile, and by striking the portion of the decision in which the court gave it as its opinion that the contract was binding on the Jualpa Company.

Though nothing else was done in this cause during this time, there was begun on March 31st a suit, No. 604A, in which the parties were the same as in this cause. The pleadings in No. 604A were settled by the judge who presided in the absence of the other judge, and the cause was referred to a referee to take and report the testimony. The testimony was duly taken and reported by the referee, and on January 16, 1908, the cause 604A was tried before the court as now constituted. The testimony was read and submitted, and counsel, who were the same as in the case at bar, argued the case. The trial and argument occupied from January 16th until January 24th. On January 23d, and before the final submission of the cause 604A, the defendants in the case at bar filed a motion for a judgment on the "findings of fact," answers to special interrogation, or verdict of the jury, made, rendered, and filed in this cause, for the reason that the court herein has overruled all motions made by the plaintiffs herein to set aside or modify said findings or verdict rendered by said jury, and in the opinion filed by the court herein the said findings have been adopted as the findings of the court. Counsel for defendants, in open court and during the argument of the cause No. 604A, made the request that their motion for judgment be considered and acted upon before the court should decide cause No. 604A. On the next day, and before the cause 604A was finally submitted, counsel for plaintiffs in the cause at bar filed a motion—

"for an order permitting plaintiffs to introduce further, additional, and newly discovered evidence in said cause, for the reason that said evidence has been discovered by plaintiffs since the trial of said cause, and that plaintiffs could not have with reasonable diligence procured said evidence and introduced the same on the trial of said cause."

3 A.R.—25

Three affidavits are filed in support of this motion. The affidavits contain statements as to the results of certain experiments made in sealing and unsealing the defendant company's tunnel. These experiments were made in March, 1907, and April, 1906, to obtain evidence to be submitted in cause No. 604A.

On this day, and after the motions of the various parties and the affidavits above mentioned had been filed, the cause 604A was submitted, and time given counsel for both parties to file briefs. Counsel, however, stipulated in open court that both 604A and the case at bar were to be deemed to be open until the decision of these motions. A few days thereafter, on January 27th, the defendants filed written objections to "the opening up and the introduction of new evidence of a retrial of this cause on the motion and affidavits presented" on January 24th. The objections set forth four grounds: First, that the motion and affidavits were not filed within the time required by law for the filing of motions for new trials, and that the time has never been extended; second, that a motion for a new trial herein filed on January 7, 1907, was the only motion for a new trial ever filed in the cause, and the grounds therein specified do not include newly discovered evidence, and that said motion is not supported by affidavits, and that no time for filing of affidavits was ever asked; third, that since the trial of this cause another action has been commenced, tried, and argued, and that the so-called newly discovered evidence is in that case; fourth, that by the exercise of reasonable diligence the so-called new evidence could have been produced at the trial of the cause at bar. The defendants also filed a motion to strike plaintiffs' motion and affidavits, on the same ground set out in the objections.

To summarize the situation as it stands on the record: Plaintiffs have filed a motion for a new trial, on January 7, 1907; a stipulation permitting the amendment of this motion,

filed January 9, 1907; a motion for permission to reopen the case, and take further, additional, and newly discovered evidence, filed on January 24, 1907; and affidavits in support thereof. Defendants have filed a stipulation allowing plaintiffs to amend their motion for a new trial above referred to; a motion to correct and modify the decision of the court, filed May 31, 1907; a motion for judgment on the findings of fact and verdict of the jury, filed January 23, 1908; objections to plaintiffs' motion to reopen case No. 457A, filed January 27, 1908; a motion to strike plaintiffs' motion to reopen.

Shackleford & Lyons and R. F. Lewis, for plaintiffs.
Winn & Burton, for defendants.

GUNNISON, District Judge. From the foregoing statement it will be seen that the pleadings were duly settled, the cause tried by the court with the assistance of a jury, which returned special answers to questions propounded, the cause argued and submitted to the court, and that the court had given a written opinion in the case; but no decree has ever been signed or entered. It therefore becomes a question whether the written opinion of the court filed in the cause is to be taken as the formal findings of fact and conclusions of law required by the Code. A perusal of section 372, p. 226, of the Code of Civil Procedure of Alaska, referring to the findings, etc., in equity causes, and section 209, p. 186, of the Code referring to findings, etc., where the cause is tried by the court without a jury, make it plain that the opinion cannot, in any way one views it, be considered to be findings and conclusions, as required by the Code. The opinion is merely a written argument or reason given by the court, to which reference is made in the last part of section 209 of the Code. Consequently the filing of plaintiffs' motion for a new trial, January 27, 1907, was not timely, and was of no force or effect. Nor was the stipulation of January 9, 1907, of any

benefit. This was evidently the view taken by plaintiffs, since, as we have already seen, they subsequently filed a motion for permission to reopen the cause and introduce certain newly discovered evidence, and plaintiffs neither stand upon nor urge this motion.

The attitude of plaintiffs and defendants toward the cause is somewhat similar, in that each is dissatisfied with a portion of the court's decision, as indicated in the opinion. The defendants move for a modification of the decision; while the plaintiffs move to reopen the cause, and for permission to introduce certain newly discovered evidence.

The position of the defendants is somewhat complicated by the fact that subsequent to the filing of the motion for a modification of the decision, which is tantamount to a motion for a rehearing (18 Ency. P. & P. ——), and which was timely, they have filed a motion for a judgment on the verdict of the jury. If the cause had reached a point where a motion for judgment were timely, the filing of such motion would, in my opinion, supplant and supersede the motion for a rehearing— in other words, be deemed a waiver of that motion; but as neither findings nor conclusions have been presented to the court, as is the practice in this district, the filing of the motion for judgment was no more timely than plaintiffs' motion for a new trial. Hence the cause must be deemed to stand now upon defendants' motion for rehearing, which is based on the records and files in the cause, and plaintiffs' motion to reopen the cause, based upon the three affidavits alleging newly discovered evidence, already mentioned.

With respect to defendants' motion for a rehearing, I have only to say that the evidence introduced on the trial of this cause, and the arguments and authorities presented by counsel, were carefully examined by the court when the written opinion in the cause was given, and counsel for defendants have presented nothing in their brief on this motion which has

altered the view on the subject that was reached by the court at that time. The court does not agree with counsel that the finding against which they direct their argument was unnecessary in order to pass upon the merits of the case as presented to the court.

Counsel also urge that the same question is involved directly in cause No. 604A, and that the question as to whether such a finding in cause No. 457A is merely obiter dictum, or whether it would be res adjudicata in cause No. 604A is such a close one that it, as counsel says, "might" necessitate extraordinary expense in appealing both cases 457A and 604A, in order to settle the question for the protection of the defendants. As to what is the evidence on this question in 604A, the court is not aware, as it has refrained from a careful examination of the testimony on that subject until the matter at bar is determined, lest the evidence in the two cases should be confused. The case at bar was tried, and the opinion of the court rendered, upon the evidence in this case. As the case now stands, the court is not at this time, we think, called upon to determine whether an opinion expressed or a fact found in 457A would bind the court in its decision of 604A, in which much and presumably different testimony from that in 457A has been taken. The motion for a rehearing, or, as counsel phrases it, the motion to strike from or modify the opinion of the court, should be denied.

We now turn to plaintiffs' motion to reopen the cause, and for permission to introduce further additional and newly discovered evidence. As we have already indicated, the proceedings in the cause have not, as yet, reached the stage at which the filing of such a motion would be improper so far as the practice is concerned. No step in the case has been taken which would render the motion ineffectual. It is not a motion for a new trial, but a motion to reopen the case, and this motion may be made at any time before judgment. There

is in the Code of Alaska no statutory limitation as to when such a motion shall be filed. Trial courts are frequently requested at various stages of a cause to reopen it, and to admit evidence which has been overlooked or newly discovered. It is within the discretion of the court to grant such a request. 15 Ency. P. & P. 397. It is really a question of the order of and time in which proof may be introduced, and under the Alaska Code of Civil Procedure (section 659, p. 281) this is regulated by the sound discretion of the court. The reopening of a cause is not a matter of right, and, to invoke the action of the court in this respect, the showing therefor must be something more than formal and perfunctory. This is particularly so when the application is made after considerable lapse of time, and when an application is so made it is not regarded with favor by the courts. 18 Ency. P. & P. 18, 19. Where the application is made on the ground of newly discovered evidence, the courts have required that all particulars be set up, not only in the petition in which such an application is usually made, but in the accompanying affidavits, and in these the nature of the evidence relied upon and the time when it first came to the knowledge of the applicant should be stated fully. Allis v. Stowell (C. C.) 85 Fed. 481; McLeod v. New Albany, 66 Fed. 378, 13 C. C. A. 525; 18 Ency. of P. & P. 23. Nor will a general averment of due diligence be sufficient. The facts and circumstances constituting such diligence must be specifically stated. Gillette v. Bate Refrigerating Co. (C. C.) 12 Fed. 108.

Plaintiffs have sought to comply with the rules of law upon these subjects. Their motion, which takes the place of the petition by which the action of the court is usually invoked in this character of application, states these matters with some particularity. The accompanying affidavits are rather brief and general. Certain allegations or statements as to diligence are made in the motion and affidavits. Plaintiffs contend that,

since defendants have not filed counter affidavits, they must be taken as true.   But defendants, in attacking the application, refer the court to the record in the case at bar and to that in 604A, of which the evidence sought to be introduced here is a part.   An examination of the pleadings in the case at bar and the dates of filing of the pleadings, files, taking of the evidence, etc., in the two causes, will be of assistance in considering whether or not plaintiffs have been diligent.

A comparison of the allegations of the first supplemental complaint in the case at bar, filed on January 17, 1906, with the affidavits now offered on this motion, makes it evident to the court that when that supplemental complaint was tendered plaintiffs were in possession of information from which the same deductions could be made as those which they now seek to introduce.   The allegations of the first supplemental complaint bearing upon that situation were, on motion of the defendants, stricken, as raising a new issue, and evidence tendered on the trial along those lines was excluded, as not within the issues framed.   A careful consideration of the record in the case and these affidavits indicates clearly to me that, while the exact measurements now tendered had not, and perhaps could not have, at the time of the trial, without endangering the town of Juneau, been made, the resulting conditions and the facts generally, aside from the measurements themselves, must have been in the minds of the plaintiffs when the supplemental complaint was tendered, and plaintiffs were bound at that time to ask an opportunity to make experiments and obtain the evidence before going to trial.   The Supreme Court of California has said, in Lostus v. Fisher, 113 Cal. 286, 45 Pac. 328:

"A case will not be reopened to admit further evidence on behalf of the plaintiff, the existence and materiality of which were known to him before he closed his case."

I think, from an examination of the record, files, and affidavits, it is presumable that the existence of this evidence must have been known to plaintiffs before they went to trial. Further than that, it appears from these affidavits that these measurements now tendered were made in April, 1906, and March, 1907, and it would seem that the exercise of due diligence demanded that an application to reopen the case upon such evidence should have been made immediately these facts were known. On the contrary, the plaintiffs do not file this motion until January 24, 1908. It is, of course, a fact that in March, 1907, the trial judge was absent from the division; but he returned in September. In any event, the application should have been filed in March or April, 1907, even if not in April, 1906, when the first measurements were taken.

There appears to me to have been a lack of diligence on the part of plaintiffs, and the motion will be denied.