DANIEL GREEN FELT SHOE CO. v. DOLGEVILLE FELT SHOE CO.

(District Court, N. D. New York.   November 3, 1913.)

PATENTS (§ 315*)—SUIT FOR INFRINGEMENT—REHEARING—NEWLY DISCOVERED
EVIDENCE.
    To warrant the reopening and reconsideration of an infringement suit
    after decree and appeal taken on the ground of newly discovered evidence,
    due diligence in obtaining such evidence must be shown.

    [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 554–558; Dec.
    Dig. § 315.*]

In Equity.   Suit by the Daniel Green Felt Shoe Company against the
Dolgeville Felt Shoe Company.   On petition to reopen case.   Denied.
For prior opinion, see 205 Fed. 745.

Edmonds & Peck, of New York City, for complainant.
Henry Schreiter, of New York City, for defendant.

RAY, District Judge.   This cause was commenced in May, 1911, and
was argued on final hearing at the Albany term in February, 1913, and
decided in June following in favor of the complainant.   The decree was
entered June 18, 1913.   The issue of the injunction was suspended
pending appeal, on condition that the appeal, if taken, be diligently
prosecuted.   An appeal was taken, but at the October term the defend-
ant moved the Circuit Court of Appeals to remand the cause, that a
rehearing might be asked on alleged newly discovered evidence.   This
the Circuit Court of Appeals refused to do, and the defendant now pe-
titions this court to consider the alleged newly discovered evidence, as
presented by affidavits, and reopen the case, permit the introduction of
such evidence, same to be taken by deposition or in open court, and re-
decide the case.

One of the defenses, and the main defense, urged on the final hearing,
was alleged prior public use and sale of the patented shoe or slipper
more than two years before the filing date of the Green patent in suit.
This defense involved the question whether or not in 1904 and 1905,
and prior to July 1, 1905, the complainant had made and put on public
sale or in public use, not experimental use, the patented slipper made
according to complainant's patent.

The parties are competitors in the same town, and on and prior to
the final hearing of this cause, referred to, it was easily within the pow-
er of defendant to ascertain the name and residence of each and every
employé of the complainant in its employ prior to the filing date of the
patent.   It is sought by defendant to introduce into the record the tes-
timony of Helen Mosher, Phebe Flynn, Amelia Perry Laeck, and Mabel
Palmer Cline, residing at Dolgeville, N. Y., where both complainant and
defendant have their places of business, and where these alleged wit-
nesses have all the time resided.

The patent in suit relates to the construction of the slipper, especially
the sole thereof, and with this the alleged new witnesses had nothing
whatever to do.   Until 1903, Helen E. Mosher fitted linings and sewed

on ornaments, and thereafter she sewed on bindings. Phebe Flynn was employed in sewing and binding. Amelia Perry Laeck sewed on binding, and Mabel Palmer Cline laid on padding and sewed on insoles over the padding. They are now in defendant's employ. This work done by these witnesses did not call on them or demand that they observe or know the construction of these slippers in the details, etc., involved in the patent, and neither of them claims to know or be able to testify that the construction of the slippers on which they worked was that of the patented slipper. They give the style numbers of the slippers on which they worked as Nos. 456, 457, 458, and 459 "Comfys"; but this fails utterly to show that these were the patented slippers. Complainant was working on and improving and experimenting with these slippers a long time before the patent was perfected and applied for, and style numbers were constantly or frequently changing, and the term "Comfy" was a general term used to designate the entire line of slippers made of felt, whether of the patented type or some other.

But no good and sufficient reason is presented for not producing the evidence or testimony of these witnesses on the final hearing of the case, and it is cumulative at best. Due diligence to obtain it is not disclosed. The record presented on the final hearing was voluminous, and the necessity of making a very strong case as to prior public sale or use was apparent.

If a patent case is to be opened and additional testimony taken on a disputed point whenever a new witness is discovered, there will be no end to patent litigations. I think the authorities are against the granting of this application. New York Filter Co. v. Jewell Filter Co. (C. C.) 62 Fed. 583; Hicks v. Ferdinand (C. C.) 20 Fed. 111; Novelty Tufting Mach. Co. v. Buser, 158 Fed. 83, 85 C. C. A. 413, 14 Ann. Cas. 192; Page v. Telegraph Co. (C. C.) 18 Blatch. 118, 119, 2 Fed. 330; Coburn v. Schroeder (C. C.) 11 Fed. 426; McLeod v. New Albany, 66 Fed. 378, 382, 13 C. C. A. 525.

Every reasonable opportunity should be given a litigant to fully present his case and the merits thereof, but to warrant the reopening and reconsideration of a case on the ground of newly discovered evidence due diligence in obtaining the evidence must be shown, and that there was a failure to secure the evidence because of some fact or facts, cause or causes, which the exercise of due diligence would not have overcome. I do not doubt the good faith of the defendant's counsel in making this application, and the stay of issue of the injunction is continued on the same conditions, as the case is now before the Circuit Court of Appeals for argument.

So ordered.