**STARNS v. HUMPHRIES et al.**

No. 12503.

United States Court of Appeals
Ninth Circuit.

May 1, 1951.

Ralph H. Cottis, John S. Hellenthal, Hellenthal, Hellenthal & Cottis, Anchorage, Alaska, for appellant.

No other appearances were entered.

Before HEALY and POPE, Circuit Judges, and FEE, District Judge.

JAMES ALGER FEE, District Judge.

Appellees Humphries and Marvin Campbell filed a complaint wherein there was a prayer for an injunction against interference with plaintiffs' possession by defendants Blackard, Phillips and by defendant Starns, who is appellant here, together with damages and "such other and further relief as the Court may deem equitable in the premises." The complaint alleges that plaintiffs are co-partners, "that * * * defendants purportedly hold· a leasehold right in * * * [certain] premises by virtue of a lease from Anna K. Campbell, owner, to defendants," that Blackard agreed to lease to plaintiff Humphries "for the period of one year space in said premises adequate for the operation of a restaurant business," and that certain sums were to be paid therefor as rental, that the lease was entered into in accordance with this agreement, that plaintiffs spent large sums of money in buying equipment, and that the equipment was located in a portion of the described premises "at the direction of defendants herein," that plaintiff has performed his part of the agreement and commenced operation March 6, 1948, that "defendants have maliciously, wilfully and wantonly interfered with plaintiff's business," taken possession of plaintiffs' storeroom, refused to provide light, heat and water, unlawfully operated and conducted gambling games, injured plaintiffs' credit

rating, prohibited delivery to plaintiffs of fuel oil, and on May 5, 1948, took possession of and closed plaintiffs' restaurant, that plaintiffs have regained possession of the premises and are in possession thereof, "but that defendants threaten to continue interfering with plaintiffs' business, and that plaintiffs have no speedy or adequate remedy at law."

The answer was a general denial, except that it was admitted that plaintiffs were co-partners and that Blackard and Starns held a lease from Anna K. Campbell. Plaintiffs had applied for a temporary injunction. A temporary restraining order had been granted in May, 1948. A hearing was had thereon, and the restraining order vacated. The premises were destroyed by fire. The defendants were declared in default and a hearing was held on a motion to set for trial. All concerned treated the matter as of equitable cognizance. At this hearing, according to appellant's brief, the following took place:

"Mr. Nesbett (for the plaintiffs). No, your honor, jury is not compulsory under the wording of the section as I read it. I have the section in court marked if your honor cares to read it.

"The Court. Well, does either party demand a jury concerning the damages. I realize the court may not be compelled to grant it, but I have made it a uniform rule here to grant a jury trial in every case where either of counsel asked for an advisory jury.

"Mr. Cottis. The defendant does request an advisory jury, your honor. * * * "

As a result of this colloquy, the cause was tried with an advisory jury. The Court recognized that the proceeding was equitable. Various errors are alleged in the conduct of the trial. Those only are noticed which have effect upon subsequent proceedings. Appellant moved to take the case from the jury on the ground that the agreement under which plaintiffs held was only a license and was by its terms cancellable on twenty-four hour notice, and that proper notice of cancellation was given. Instructions were requested to the same effect. The Court refused the motion and the instruction, and did not cover the subject in the instructions given. Further, a motion was made for dismissal of the complaint as to Starns, on the ground that he had no relation with and was not a party to the transaction.

When the Court instructed the jury, there was no clarification of the situation. The Court told the jury a finding could be made in favor of all three defendants or against Blackard alone or together with Starns or Phillips. But the Court did not define the basis of liability. There was no statement of the legal status of the parties. If the Court had charged that the liability of Starns was dependent upon participation with Blackard in acts such as wantonly interfering with the business of plaintiffs, operating gambling games, injuring plaintiffs' credit rating or prohibiting deliveries of fuel oil, an understandable basis for the verdict against Starns would have been presented. However, there was no evidence of Starns' participation in these acts. But the jury might have concluded that Blackard had no right to cancel his "lease" with Humphries and that Starns was therefore liable because he was a joint owner under the original lease from Mrs. Campbell.

■ The instructions give the impression that the Court simply submitted certain questions of fact to the jury and reserved for future consideration other questions of fact and law. And that was the proper course under the statutes then in effect. Thereupon, the jury returned a verdict against Starns and Blackard. This brings us to the consideration of the key assignment of error. Appellant moved the Court to enter findings of fact and conclusions of law. The Court refused and instead entered judgment upon the verdict for compensatory and punitive damages against Blackard and Starns. As to the latter, upon the exceptions above noted, the judgment is erroneous for failure to define the basis of liability in instruction.

■ But the mere entry of the judgment on the verdict was error. The Code of Alaska requires that findings and conclusions be entered in any case of equitable cognizance such as this. Alaska Compiled Laws Annotated § 55–8–1 and 2. This section was borrowed from the Oregon Code

and was received with the interpretation theretofore given by the Oregon Courts. Elbing v. Hastings, 3 Alaska 125.

This Court has recognized, on an appeal from Alaska, that the jurisdiction of the Court "sitting in equity" is unaffected by the character of the questions involved. Grant v. Pilgrim, 9 Cir., 95 F.2d 562, 573. Therefore, the Court below should have found on all the material facts and entered appropriate legal conclusions. It was not relieved of this duty by the verdict of the jury. Juneau Water Co. v. Jualpa Co., 3 Alaska 382. The Court was not even bound by the verdict. Pratt v. United Alaska Mining Co., 1 Alaska 95. The jury is not a common law jury. Elbing v. Hastings, 3 Alaska 125. The Trial Court had no power to enter judgment on the verdict. Juneau Water Co. v. Jualpa Co., 3 Alaska 382. Even if the Civil Rules of Procedure had been in effect in Alaska, the Court would have been bound to enter findings of fact and conclusions of law in a case which was commenced in equity, even though the rights which remained to be determined were purely legal. 156 American Law Reports 1171–1172. By the agreement of all parties, the jury in this case was advisory only. Nor is this point a mere technicality. As noted above, the Trial Court did not submit the vital questions of the relationship of Starns to the "lease" between Blackard and the plaintiffs.

Tenancy in common is recognized by the code of Alaska, and joint tenancy is abolished. Alaska Compiled Laws Annotated, 1949, § 22–1–6. And apparently the local law is that a tenant in common may lease his own rights but not the rights of the other co-tenant. It was held in Pilgrim v. Grant, 9 Alaska 17, 52, which was modified on another point by this Court in 95 F.2d 562, that a co-tenant of a mining claim, conducting mining operations independently of the other co-tenants, may lease his own rights in the claims, but may not lease the rights of his co-tenants. Apparently, Blackard had the right to lease his own rights as a tenant in common, and Starns was not concerned.

While we are inclined to the belief that there was nothing to render Starns liable, there are, as to the nature of the occupancy, not only questions of local real property law, as noted above, but also questions of fact as to what the agreements between Campbell and Starns and Blackard, between Starns and Blackard themselves and between Blackard and plaintiffs were. Neither the jury nor the Court found upon these facts. There was also a question of law as to whether on the facts as a whole Starns could be held.

The cause must therefore be remanded for the Trial Court to enter findings of fact and conclusions of law in this case covering these material points. See Waialua Agricultural Co. v. Maneja, 9 Cir., 178 F.2d 603. At that time, the Court should consider whether the Chancellor can allow punitive damages on a purely equitable claim, but chiefly should determine whether there was any evidence connecting Starns with either phase of the transaction.

Reversed.