**MORRISON–KNUDSEN CO., Inc. v. WIGGINS et al.**

**No. A–8031.**

District Court, Alaska. Third Division, Anchorage.

Dec. 19, 1952.

John E. Manders, Anchorage, Alaska, for plaintiff.

J. L. McCarrey, Jr., Anchorage, Alaska, for defendant.

DIMOND, District Judge.

In the complaint in this action the plaintiff seeks dissolution of a joint venture existing between itself and the defendant and for injunctive relief, including an injunction pendente lite.

The defendant in his answer in addition to denials of averments of plaintiff's complaint, has set forth in a cross complaint, five separate causes of action and has filed written demand for trial by jury thereon.

The plaintiff has presented a motion to strike the defendant's demand for trial by jury upon the ground that the defendant is not entitled to a trial by jury of any issue triable of right by jury in an action for an injunction and dissolution of a joint venture.

While it appears that several of the causes of action set forth in defendant's cross complaint are of such a nature as to be really part and parcel of the issues presented by the complaint upon which the plaintiff demands equitable relief alone,

and therefore not of right triable by jury, in his second cause of action embodied in his cross complaint, the defendant seeks to recover from the plaintiff the sum of $250,000 for malicious prosecution of the action resulting, as plaintiff avers, in injury to the defendant in his professional standing and reputation and the bringing of defendant into public discredit as an electrical engineer and contractor. This cause of action standing alone if brought in a separate action of the defendant against the plaintiff would be triable of right by jury and so the question arises as to whether under those circumstances a jury should be called to decide the issues raised by that cause of action which are unquestionably of a legal nature.

■ Since the adoption of the Federal Rules of Civil Procedure, 28 U.S.C. the Federal Courts have held in a number of instances that trial of legal issues so raised by the defendant should be tried by jury. Prudential Insurance Co. of America v. Saxe, 1943, 77 U.S.App.D.C. 144, 134 F.2d 16; Beaunit Mills, Inc., v. Eday Fabric Sales Corp., 2 Cir., 1942, 124 F.2d 563; U. S. Fidelity & Guaranty Co. v. Janich, D.C.Cal.1943, 3 F.R.D. 16; Judson v. Buckley, D.C.S.D.N.Y.1940, 31 F.Supp. 246, reversed in part 2 Cir., 130 F.2d 174 (without considering this issue), certiorari denied 317 U.S. 679, 63 S.Ct. 161, 87 L.Ed. 545; Bendix Aviation Corp. v. Glass, D.C. Pa.1948, 81 F.Supp. 645, 646, affirmed 3 Cir., 195 F.2d 267 (this point not considered on appeal).

■ The reasoning of the courts is well expressed in the Bendix Aviation Corp. case, supra:

"Under the old system of divided law and equity procedure a defendant in an equity suit who had a cause of action at law against a plaintiff waived his right to a jury trial if he pleaded it as a counterclaim against the plaintiff's bill. However Rule 13(a) now makes it compulsory for him to do so if his claim arises out of the same transaction. Consequently there can be no question of this defendant's hav-

ing waived jury trial by putting in his claim as a counterclaim to an equitable action.

"As pointed out in Beaunit Mills, Inc., v. Eday Fabric Sales Corporation, 2 Cir., 124 F.2d 563, 565, '* * * there are no longer equity cases and law cases, and it is the issues, not the form of case, which now determine the method of trial.' "

An enlightening discussion of the subject is to be found in 5 Cyclopedia of Federal Procedure 468, from which the following is quoted:

"As to the equitable complaint and legal counterclaim situation, prior to the advent of the Federal Rules of Civil Procedure a defendant holding a counterclaim inherently legal in nature was not compelled to set it up against an equitable complaint. If he did, he waived his right to a jury trial thereon. Now, however, legal as well as equitable counterclaims must be asserted provided they fall within the 'transaction or occurrence' purview of Rule 13(a). Rule 38(b) would appear to sanction the making of a jury demand in such a connection, and it has been said that the older cases, holding that filing a legal counterclaim in an equitable action waives a jury, are no longer applicable under the one form of action practice of the new Rules."

Starns v. Humphries, arising in this Court, 9 Cir., 189 F.2d 357, is not in conflict. In that case the complaint was in equity, but before trial the circumstances had been so altered as to leave for determination no issue of an equitable nature, and nothing but a question of damages for breach of contract, clearly the basis of an action at law. This Court put the issue to the jury as one of law and declined to treat the verdict of the jury as advisory only. The Court of Appeals reversed. No question there arose of a cause of action at law asserted as a cross action or counterclaim.

While the opposite result is usually arrived at in State Courts, 1 Pomeroy's Equity Jurisprudence, Sec. 358(a) p. 809; 89

306

A.L.R. 1391, that is so because the rules of procedure in the States are often of such a nature, in practice at least, as to entirely or partially segregate for trial actions at law from suits in equity, a difference or distinction effectively done away with under the Federal Rules of Civil Procedure which are applicable to and binding upon this Court.

■ The motion to strike the demand for jury trial is denied and a jury will be impaneled at the trial of the action to serve either as an advisory jury or with final decision as in trials of actions at law, upon such of the causes of action embraced in the defendant's cross complaint as the Court shall then determine.